EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

J. MICHAEL SEABRIGHT #3753
Assistant U.S. Attorney

WILLIAM L. SHIPLEY
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: William.Shipley@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 2 5 2004

at ___ o'clock and ___ min___ M
WALTER A.Y.H. CHINN, CLERK

SEALED
BY ORDER OF THE COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. CR 04-00322 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | INDICTMENT |
| vs. | ) | |
| | ) | [18 U.S.C. § 1341] |
| ABRAHAM NGUYEN MARTIN, (01) | ) | [18 U.S.C. § 1344] |
| ANNA MARTIN, (02) | ) | [18 U.S.C. § 1029] |
| | ) | [18 U.S.C. § 1708] |
| | ) | [18 U.S.C. § 371] |
| Defendants. | ) | [17 U.S.C. § 506 and 18 U.S.C § 2319] |
| | ) | |

INDICTMENT

UNSEALED BY ORDER OF THE COURT
DATE: _____

COUNTS 1 THROUGH 8

[18 U.S.C. § 1343 - Wire Fraud]

The Grand Jury charges that:

Introduction:

1.    At all times material to this Indictment:

a.    ABRAHAM NGUYEN MARTIN was a resident of the State of Hawaii, the husband of ANNA MARTIN, and the owner and/or co-owner of "Abraham Construction, Inc.," "Tan Tien Video," and "Anna Jewelry," among other business entities.

b.    Defendant ANNA MARTIN was a resident of the State of Hawaii, the wife of ABRAHAM NGUYEN MARTIN, and the owner and/or co-owner of "Abraham Construction, Inc.," "Tan Tien Video," and "Anna Jewelry," among other business entities.

c.    "Tan Tien Video" is a retail video rental and sales business located at 185 King St., Honolulu, Hawaii.

d.    "Anna Jewelry" is a retail jewelry business located at 182 King St., Honolulu, Hawaii.

e.    "Abraham Construction, Inc.," is a residential and commercial general contracting business with an address on Kilauea Avenue, Honolulu, Hawaii, which is also the personal residence address of ABRAHAM NGUYEN MARTIN and ANNA MARTIN.

f.    "G.B." are the initials of a person who resided in the State of Hawaii.

2

g.    "D.A." are the initials of a person who resided in the State of Hawaii.

h.    "D.M." are the initials of a person who resided in the State of Hawaii.

i.    "L.M." are the initials of a person who resided in the State of Hawaii.

j.    "A.S." are the initials of a person who resided in the State of Hawaii.

k.    "B.B." are the initials of a person who resided in the State of Oregon, but was visiting the State of Hawaii in December of 2001.

l.    "M.L." are the initials of a person who resided in the State of Hawaii.

m.    "D.P." are the initials of a person who resided in the State of Hawaii.

n.    "J.T." are the initials of a person who resided in the State of Hawaii.

<u>The Scheme and Artifice To Defraud:</u>

2.    From a precise earlier date unknown to the grand jury, but by December 1, 2001, and continuing through on or about January, 2003, in the District of Hawaii and elsewhere, ABRAHAM NGUYEN MARTIN and others both known and unknown to the grand jury, knowingly devised and intended to devise a scheme and artifice to defraud and a scheme and artifice for obtaining money

from persons, businesses and financial institutions by means of
material false and fraudulent pretenses, representations and
promises, as well as omissions of material fact, well knowing at
the time that such pretenses, representations, promises and
omissions of material fact would be and were false when made.

Executing the Scheme and Artifice to Defraud:

3.    It was part of the scheme and artifice to defraud
that defendant ABRAHAM MARTIN and others obtained and used
personal and financial information relating to G.B., D.A., D.M.,
L.M., A.S., B.B., M.L., D.P., and J.T. (collectively referred to
herein as "victims"), for the purposes of obtaining unauthorized
credit from commercial lending institutions and business
enterprises by opening accounts using the victims' identities,
accessing existing credit accounts belonging to the victims,
making purchases over the internet with newly established credit
accounts using the victims' identities, and altering and forging
negotiable instruments belonging to the victims which were then
deposited for the financial gain of defendants ABRAHAM MARTIN and
ANNA MARTIN.

4.    It was further part of the scheme and artifice to
defraud that defendant ABRAHAM MARTIN and others obtained the
personal and financial information necessary to use the
identities of the victims for these unlawful and fraudulent
purposes by various means and methods, including information

4

obtained by the theft of luggage, pursues, or other personal belongings, and the theft of incoming and outgoing mail in the mailboxes.

5.    It was further part of the scheme and artifice to defraud that using the personal and financial information of the victims, defendant ABRAHAM MARTIN and others established credit accounts and purchased computers, accessories, and other electronic equipment in interstate commerce through internet transactions.

6.    It was further part of the scheme and artifice to defraud that defendant ABRAHAM MARTIN and others opened new credit accounts with various credit card companies, and accessed the credit made available on those accounts in person at various retail businesses, and with online merchants over the internet.

7.    It was further part of the scheme and artifice to defraud that defendant ABRAHAM MARTIN and others stole credit account access devices from victims' mailboxes, and used those devices for the financial benefit of ABRAHAM MARTIN, ANNA MARTIN, and businesses owned by them.

8.    It was further part of the scheme and artifice to defraud that defendant ABRAHAM MARTIN and others stole outgoing mail that included personal checks written by victims to their own creditors, then altered those checks so that they were

5

payable to creditors of, or on other obligations owed by ABRAHAM
MARTIN, ANNA MARTIN, and businesses owned by them.

The Wire Communications

9.   On or about the dates listed below, within the
State and District of Hawaii, and elsewhere, for the purpose of
carrying out the scheme and artifice to defraud, as more fully
set forth in paragraphs 1 through 8 above, defendant ABRAHAM
MARTIN caused signs, signals and sounds to be transmitted by
means of wire and radio communications in interstate commerce by
causing signs, signals and sounds to be transmitted in interstate
commerce, that is, from locations within the State of Hawaii to
locations outside of the State of Hawaii:

| Count | Date | Description and Addressee |
|---|---|---|
| 1 | Dec. 5, 2001 | Internet purchase of computer and electronic equipment from Dell Computer on a credit account opened in the name of G.B. |
| 2 | Dec. 7, 2001 | Internet purchase of computer and electronic equipment from Dell Computer on a credit account opened in the name of D.M. |
| 3 | Dec. 7, 2001 | Internet purchase of computer and electronic equipment from Dell Computer on a credit account opened in the name of L.M. |
| 4 | Dec. 14, 2001 | Internet purchase of computer and electronic equipment from Dell Computer on a credit account opened in the name of B.B. |
| 5 | Dec. 21, 2001 | Internet purchase of computer and electronic equipment from Dell Computer on a credit account opened in the name of A.S. |
| 6 | Dec. 14, 2001 | Internet opening of Capital One credit card account in the name of D.A. |

| 7 | June 18, 2002 | Internet opening of First USA credit card account in the name of D.A. |
| 8 | Aug. 13, 2002 | Internet opening of First Hawaiian Bank credit card account in the name of A.S. |

All in violation of Title 18, United States Code Section 1343.

## COUNT 9

[18 U.S.C. § 1344 – Bank Fraud,
and Aiding and Abetting]

10.    The Grand Jury hereby incorporates paragraphs 1 through 8 above.

### Executing The Scheme To Defraud

11.    On or about October 16, 2002, ABRAHAM MARTIN and ANNA MARTIN did knowingly execute, and attempted to execute a scheme and artifice to defraud Wells Fargo Bank, a financial institution, and to obtain moneys, funds, and other property owned by and under the custody and control of Wells Fargo Bank, by means of material false and fraudulent pretenses, representations, and promises, in that the ABRAHAM MARTIN and ANNA MARTIN caused an unauthorized check in the amount of $9,450.00, drawn on the Wells Fargo Bank line of credit account of "M.L.", and made payable "D.N.D. Jewelry," to be delivered to D.N.D. Jewelry as a payment on a business debt of "Anna Jewelry."

All in violation of Title 18, United States Code, Section 1344 and 2.

//

## COUNT 10

[18 U.S.C. § 1344 – Bank Fraud,
and Aiding and Abetting]

12.   The Grand Jury hereby incorporates paragraphs 1 through 8 above.

13.   On or about October 16, 2002, ABRAHAM MARTIN and ANNA MARTIN did knowingly execute, attempted to execute a scheme and artifice to defraud Wells Fargo Bank, a financial institution, and to obtain moneys, funds, and other property owned by and under the custody and control of Wells Fargo Bank, by means of material false and fraudulent pretenses, representations, and promises, in that the ABRAHAM MARTIN and ANNA MARTIN caused unauthorized check in the amount of $18,850.00, drawn on the Wells Fargo Bank line of credit account of "M.L.", and made payable "D.N.D. Jewelry," to be delivered to D.N.D. Jewelry as a payment on a business debt of "Anna Jewelry."

All in violation of Title 18, United States Code, Section 1344 and 2.

## COUNT 11

[18 U.S.C. § 1344 – Bank Fraud,
and Aiding and Abetting]

14.   The Grand Jury hereby incorporates paragraphs 1 through 8 above.

15.   On or about October 16, 2002, ABRAHAM MARTIN and ANNA MARTIN did knowingly execute, attempted to execute a scheme

and artifice to defraud Wells Fargo Bank, a financial
institution, and to obtain moneys, funds, and other property
owned by and under the custody and control of Wells Fargo Bank by
means of material false and fraudulent pretenses,
representations, and promises, in that the ABRAHAM MARTIN and
ANNA MARTIN caused an unauthorized check in the amount of
$26,410.00, drawn on the Wells Fargo Bank line of credit M.L.,
and made payable to MBNA America, to be delivered to MBNA
America.

All in violation of Title 18, United States Code,
Section 1344 and 2.

<u>COUNT 12</u>

[18 U.S.C. § 1344 – Bank Fraud,
and Aiding and Abetting]

16.   The Grand Jury hereby incorporates paragraphs 1
through 8 above.

17.   On or about December 24, 2002, ABRAHAM MARTIN and
ANNA MARTIN did knowingly execute, attempted to execute a scheme
and artifice to defraud First Hawaiian Bank and Chase Manhattan
Bank, both financial institutions, and to obtain moneys, funds,
and other property owned by and under the custody and control of
Chase Manhattan Bank, by means of material false and fraudulent
pretenses, representations, and promises, in that the ABRAHAM
MARTIN and ANNA MARTIN caused an unauthorized advance check in
the amount of $9,400.00, drawn on the Chase Manhattan credit card

9

account of "D.P.," to be deposited into First Hawaiian Bank as payment on an automobile loan account of ABRAHAM MARTIN and ANNA MARTIN.

All in violation of Title 18, United States Code, Section 1344 and 2.

COUNT 13

[18 U.S.C. § 1344 – Bank Fraud,
and Aiding and Abetting]

18.    The Grand Jury hereby incorporates paragraphs 1 through 8 above.

19.    On or about December 24, 2002, ABRAHAM MARTIN and ANNA MARTIN did knowingly execute, attempted to execute, a scheme and artifice to defraud First Hawaiian Bank and Sears National Bank, both financial institutions, and to obtain moneys, funds, and other property owned by and under the custody and control of First Hawaiian Bank and Sears National Bank, by means of material false and fraudulent pretenses, representations, and promises, in that ABRAHAM MARTIN and ANNA MARTIN caused an unauthorized advance check, in the amount of $7,055.63, drawn on the Sears National Bank credit card account of "D.P.," to be deposited into First Hawaiian Bank as payment on an automobile loan account of ABRAHAM MARTIN and ANNA MARTIN.

All in violation of Title 18, United States Code, Section 1344 and 2.

//

10

COUNT 14

[18 U.S.C. § 1344 - Bank Fraud,
and Aiding and Abetting]

20.   The Grand Jury hereby incorporates paragraphs 1
through 8 above.

21.   On or about December 24, 2002, ABRAHAM MARTIN and
ANNA MARTIN did knowingly execute, attempted to execute a scheme
and artifice to defraud Chase Manhattan Bank, a financial
institution, and to obtain moneys, funds, and other property
owned by and under the custody and control of Chase Manhattan
Bank, by means of material false and fraudulent pretenses,
representations, and promises, in that the ABRAHAM MARTIN and
ANNA MARTIN caused an unauthorized advance check in the amount of
$3,600.00, drawn on the Chase Manhattan Bank account of "D.P.,"
to be delivered to United Trading, Inc., as payment on a business
debt of Anna Jewelry.

All in violation of Title 18, United States Code,
Section 1344 and 2.

COUNT 15

[18 U.S.C. § 1344 - Bank Fraud,
and Aiding and Abetting]

22.   The Grand Jury hereby incorporates paragraphs 1
through 8 above.

23.   On or about January 9, 2003, ABRAHAM MARTIN and
ANNA MARTIN did knowingly execute, attempted to execute a scheme

11

and artifice to defraud Chase Manhattan Bank, a financial
institution, and to obtain moneys, funds, and other property
owned by and under the custody and control of Chase Manhattan
Bank, by means of material false and fraudulent pretenses,
representations, and promises, in that the ABRAHAM MARTIN and
ANNA MARTIN caused an unauthorized advance check, in the amount
of $800.20, drawn on the Chase Manhattan credit card account of
D.P., to be delivered to Tai Seng Video as payment on behalf of
Tan Tien Video.

All in violation of Title 18, United States Code,
Section 1344 and 2.

COUNT 16

[18 U.S.C. § 1344 - Bank Fraud]

24.   The Grand Jury hereby incorporates paragraphs 1
through 8 above.

25.   On or about January 9, 2003, ABRAHAM MARTIN  did
knowingly execute, attempted to execute a scheme and artifice to
defraud Chase Manhattan Bank, a financial institution, and to
obtain moneys, funds, and other property owned by and under the
custody and control of Chase Manhattan Bank, by means of material
false and fraudulent pretenses, representations, and promises, in
that the ABRAHAM MARTIN caused an unauthorized advance check, in
the amount of $1000.00, drawn on the Chase Manhattan Bank credit

12

card account of "D.P.," to be deposited into the Hawaiian

National Bank account of Abraham Construction, Inc.

All in violation of Title 18, United States Code,

Section 1344.

### COUNT 17

[18 U.S.C. § 1344 - Bank Fraud,
and Aiding and Abetting]

26.    The Grand Jury hereby incorporates paragraphs 1

through 8 above.

27.    On or about January 20, 2003, in the District of

Hawaii, ABRAHAM MARTIN and ANNA MARTIN did knowingly execute,

attempted to execute a scheme and artifice to defraud American

Savings Bank and First Hawaiian Bank, both financial

institutions, and to obtain moneys, funds, and other property

owned by and under the custody and control of American Savings

Bank and First Hawaiian Bank, by means of material false and

fraudulent pretenses, representations, and promises, in that the

ABRAHAM MARTIN caused an altered personal check, in the amount of

$330.96, drawn on the American Savings Bank account of "J.T." to

be deposited at First Hawaiian Bank as a payment on an automobile

loan belonging to ABRAHAM MARTIN and ANNA MARTIN.

All in violation of Title 18, United States Code,

Sections 1344 and 2.

13

## COUNT 18

### [18 U.S.C. § 1029(a)(2) –
### Access Device Fraud]

28.  The Grand Jury hereby incorporates paragraphs 1 through 8 above.

29.  On or about October 16, 2002, in the District of Hawaii, defendants ABRAHAM NGUYEN MARTIN and ANNA MARTIN did knowingly and with the intent to defraud use an unauthorized Wells Fargo Bank access device check in the amount of $9,450.00, drawn on a line of credit account of M.L., payable to D.N.D. Jewelry, and delivered as payment for the benefit of Anna Jewelry, thereby having an effect on interstate commerce.

All in violation of Title 18, United States Code, Section 1029(a)(2).

## COUNT 19

### [18 U.S.C. § 1029(a)(2) –
### Access Device Fraud]

30.  The Grand Jury hereby incorporates paragraphs 1 through 8 above.

31.  On or about October 16, 2002, in the District of Hawaii, defendants ABRAHAM NGUYEN MARTIN and ANNA MARTIN did knowingly and with the intent to defraud use an unauthorized Wells Fargo Bank access device check in the amount of $18,850.00, drawn on a line of credit account of M.L., payable to Diamond

14

Syndicate, and delivered as payment for the benefit of Anna

Jewelry, thereby having an effect on interstate commerce.

All in violation of Title 18, United States Code,

Section 1029(a)(2).

COUNT 20

[18 U.S.C. § 1029(a)(2) –<br>Access Device Fraud]

32. The Grand Jury hereby incorporates paragraphs 1

through 8 above.

33. On or about October 16, 2002, in the District of

Hawaii, defendants ABRAHAM NGUYEN MARTIN and ANNA MARTIN did

knowingly and with the intent to defraud use an unauthorized

Wells Fargo Bank access device check in the amount of $26,410.00,

drawn on a line of credit account of M.L., payable to MBNA

America, and delivered to MBNA America, thereby having an effect

on interstate commerce.

All in violation of Title 18, United States Code,

Section 1029(a)(2).

COUNT 21

[18 U.S.C. § 1029(a)(2) –<br>Access Device Fraud]

34. The Grand Jury hereby incorporates paragraphs 1

through 8 above.

35. On or about December 24, 2002, in the District of

Hawaii, defendants ABRAHAM NGUYEN MARTIN and ANNA MARTIN did

15

knowingly and with the intent to defraud use an unauthorized Chase Manhattan Bank access device check in the amount of $9,400.00, drawn on a credit card account of D.P., payable to First Hawaiian Bank, and delivered as payment on an automobile loan account owed by ABRAHAM MARTIN and ANNA MARTIN, thereby having an effect on interstate commerce.

All in violation of Title 18, United States Code, Section 1029(a)(2).

COUNT 22

[18 U.S.C. § 1029(a)(2) –
Access Device Fraud]

36.  The Grand Jury hereby incorporates paragraphs 1 through 8 above.

37.  On or about December 24, 2002, in the District of Hawaii, defendants ABRAHAM NGUYEN MARTIN and ANNA MARTIN did knowingly and with the intent to defraud use an unauthorized Sears National Bank access device check in the amount of $7,055.63, drawn on a credit card account of D.P., payable to First Hawaiian Bank, and delivered as payment on an automobile loan account owed by ABRAHAM MARTIN and ANNA MARTIN, thereby having an effect on interstate commerce.

All in violation of Title 18, United States Code, Section 1029(a)(2).

//

COUNT 23

[18 U.S.C. § 1029(a)(2) –
Access Device Fraud]

38.  The Grand Jury hereby incorporates paragraphs 1
through 8 above.

39.  On or about December 24, 2002, in the District of
Hawaii, defendants ABRAHAM NGUYEN MARTIN and ANNA MARTIN did
knowingly and with the intent to defraud use an unauthorized
Chase Manhattan Bank access device check in the amount of
$3,650.00, drawn on a credit card account of D.P., payable to
Unity Trading, Inc., and delivered as payment for the benefit of
Anna Jewelry, thereby having an effect on interstate commerce.

All in violation of Title 18, United States Code,
Section 1029(a)(2).

COUNT 24

[18 U.S.C. § 1029(a)(2) –
Access Device Fraud]

40.  The Grand Jury hereby incorporates paragraphs 1
through 8 above.

41.  On or about January 9, 2003, in the District of
Hawaii, defendants ABRAHAM NGUYEN MARTIN did knowingly and with
the intent to defraud use an unauthorized Chase Manhattan Bank
access device check in the amount of $1,000.00, drawn on a credit
card account of D.P., payable to Abraham Construction, and

17

deposited in the account of Abraham Construction at Hawaii
National Bank, thereby having an effect on interstate commerce.

All in violation of Title 18, United States Code,
Section 1029(a)(2).

### COUNT 25

[18 U.S.C. § 1708 - Mail Theft]

42.    The Grand Jury hereby incorporates paragraphs 1
through 8 above.

43.    On or about January 20, 2003, in the District of
Hawaii, defendant ABRAHAM MARTIN stole, took, or by fraud or
deception obtained, or attempted to obatin, from out of a mail or
letter box, mail receptacle, letters and mail, and removed from
such letters and mail articles or things contained therein, to
wit, a check payable to First Hawaiian Bank, drawn on the account
of J.T., which he thereafter altered and deposited for the
benefit of ABRAHAM MARTIN and ANNA MARTIN as payment on an
automobile loan at First Hawaiian Bank.

All in violation of Title 18, United States Code, Section
1708.

### COUNT 26

[18 U.S.C. § 371 -
Conspiracy]

I.    THE CONSPIRACY

44.    From a precise date unknown to the Grand Jury, but
by in or about December 2000, and continuing to on or about

18

February 15, 2003, in the District of Hawaii and elsewhere, the defendants, ABRAHAM MARTIN and ANNA MARTIN, did willfully and knowingly conspire and agree with each other, and with other persons both known and unknown to the Grand Jury, to commit an offense against the United States, that is, to willfully and for the purpose of commercial advantage and private financial gain, infringe the copyright of one or more copyrighted works, to wit, copyrighted foreign language videocassette programs, by reproducing and by distributing during a 180-day period, at least ten unauthorized copies of one or more of the copyrighted works, having a retail value of more than $2,500, in violation of 17 U.S.C. § 506(a)(1) and 18 U.S.C. § 2319(b)(1).

II. <u>MANNER AND MEANS BY WHICH THE CONSPIRACY WAS CARRIED OUT</u>

45. The manner and means by which the conspiracy was carried out, included, among others, the following:

a. The defendants obtained an authorized copy of copyrighted videocassette movies or other programs by ordering those programs from the licensed distributor or owner of the material.

b. After legitimately obtaining one or more copies of a copyrighted movie or program, the defendants made multiple unauthorized copies on blank videocassettes using numerous video cassette recorders ("VCRs") at their residence.

19

c.    Through these and other means, the
defendants, doing business as "Tan Tien Video", 185 King Street,
Honolulu, Hawaii, offered multiple unauthorized copies of
copyrighted movies and other programs for rental to the public.

d.    The defendants rented unauthorized copies of
copyrighted programs to dozens of customers of Tan Tien Video.
To rent videocassettes from Tan Tam Video, a customer first
signed a  membership agreement, deposited $100 dollars on
account, and  then "rented" programs in such a manner that the
rental expense was deducted from their starting balance of $100,
until the account balance reached $0.00, at which time the member
made a further deposit in order to be allowed to continue renting
programs.

III.  OVERT ACTS

46.   In furtherance of the conspiracy and to achieve
the objects thereof, the Defendants committed overt acts in the
District of Hawaii, including, but not limited to, the following:

a.    On or about February 15, 2003, defendants
ABRAHAM MARTIN and ANNA MARTIN made unauthorized reproductions of
copyrighted movies and other programs on videocassettes at their
residence in Honolulu, Hawaii.

b.    On or about February 15, 2003, defendants
ABRAHAM MARTIN and ANNA MARTIN possessed thousands of

20

videocassettes containing unauthorized copies of copyrighted programs.

   c.   On or about February 15, 2003, defendants ABRAHAM MARTIN and ANNA MARTIN possessed thousands of blank videocassettes intended for use by them in making unauthorized copies of copyrighted movies and other programs they had leased or purchased from the copyright holders or authorized distributors of those movies or programs.

   d.   On or about February 15, 2003, defendants ABRAHAM MARTIN and ANNA MARTIN possessed approximately 177 video cassette recorders for the purpose of making unauthorized copies of copyrighted movies and other programs which they had leased or purchased from the copyright holders or authorized distributors of those movies or programs.

   All in violation of Title 18, United States Code, Section 371.

## COUNT 27

[17, U.S.C., § 506(a)(1) and 18 U.S.C. § 2319(b)(1) –
Copyright Infringement]

   47.   Between August 19, 2002, and February 15, 2003, in the District of Hawaii, the Defendants, ABRAHAM MARTIN and ANNA MARTIN, did willfully and for the purpose of commercial advantage and private financial gain, infringe the copyright of one or more copyrighted works, that is copyrighted movies and video programs, by manufacturing and distributing during a 180-

21

day period, at least ten unauthorized copies of copyrighted
movies and video programs having a retail value of more than
$2500, including the following:

| Title of Movie | Number of Copies |
|---|---|
| Virtues of Harmony | 106 |
| Smart Kid | 22 |
| Good Against Evil | 33 |
| Amazing Story | 37 |
| Threat of Love II | 10 |
| Wind and Cloud | 65 |
| Lubu and Diaochan | 96 |
| Empress Enters The Palace | 92 |
| No. 8 Bus | 82 |
| King of Shao Lin | 47 |
| Innocently Guilty | 28 |
| The Royal Die Hard | 73 |
| | 691 |

All in violation of Title 17, United States Code,
Section 506(a)(1), and Title 18, United States Code, Section
2319(b)(1).

### FORFEITURE ALLEGATIONS

48.    As the result of committing one or more of the
offenses in violation of Title 18, United States Code, Sections
1344, 1029, and 1708, alleged in Counts 12, 13, 21, 22, and 25 of
this Indictment, defendants ABRAHAM MARTIN and ANNA MARTIN shall
forfeit to the United States, pursuant to 18 U.S.C. § 982, all
property, real and personal, that constitutes or is derived from
proceeds traceable to the commission of those offenses, including
but not limited to the following:

1.   A 2002 Subaru Impreza, vehicle identification
     number JF1GD29692G512068; and

2.   A 2001 Mercedes Benz vehicle identification
     number WDBKK49F51F187279.

49.   If any of the above-described forfeitable

property, as a result of any act or omission of the Defendants --

(a)   cannot be located upon the exercise of due
      diligence;

(b)   has been transferred or sold to, or deposited
      with, a third person;

(c)   has been placed beyond the jurisdiction of the
      Court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which
      cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C.

§ 853(p), as incorporated by 18 U.S.C. § 982(b), to seek

forfeiture of any other property of the Defendants up to the

value of the above forfeitable property.

All in violation of Title 18, United States Code,

Sections 982, and 1344, 1029, and 1708.

### SENTENCING ALLEGATIONS

50.   With respect to Count 1 through 25 of the

Indictment:

a    The loss exceeded $70,000;

b.   The offense involved 10 or more victims;

c.   The offense involved receiving stolen property, and defendant ABRAHAM MARTIN was a person in the business of receiving and selling stolen property;

d.   The offense involved sophisticated means;

e.   Defendant ABRAHAM MARTIN was a leader and organizer of criminal activity that involved five or more participants or was otherwise extensive; and

f.   Defendant ABRAHAM MARTIN knew or should have known that a victim of the offense was a vulnerable victim.

51.   With respect to each counts 27 and 28 of the Indictment:

a.   The infringement amount exceeded $30,000; and

//

//

//

//

//

//

//

//

//

//

//

//

24

b.   The offense involved the manufacture of infringing items.

DATED: August 25, 2004 at Honolulu, Hawaii.

A TRUE BILL

/s/

_____

FOREPERSON, GRAND JURY

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
J. MICHAEL SEABRIGHT
Assistant U.S. Attorney

_____
WILLIAM L. SHIPLEY
Assistant U.S. Attorney

UNITED STATES v. ABRAHAM MARTIN ET AL.
Cr. No. _____
"INDICTMENT"

25