Case 1:04-cr-00322-DAE   Document 70   Filed 02/01/2006   Page 4 of 9

AO 245B (Rev. 12/03) Sheet 2 - Imprisonment

CASE NUMBER: 1:04CR00322-001  Judgment - Page 4 of 9
DEFENDANT: ABRAHAM NGUYEN MARTIN

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 70 MONTHS.

This term consists of 70 MONTHS, as to Counts 9, 11, 12, 13, 16, 17, 20, 22, 27, 29, 30, 32, 34, 38, 40, 42, 44, 46, 48, 49, 50, 53, 54, 56, 57, 58, 59, 63, 68, 69, 71, 72, 75, 76, and 77 of the Superseding Indictment in CR 04-00322DAE, with all such terms to run concurrently with each other and the terms of imprisonment imposed in CR 05-00049DAE

[✓] The court makes the following recommendations to the Bureau of Prisons:
Lompoc, CA.

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
   [ ] at ___ on ___.
   [ ] as notified by the United States Marshal.

[✓] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   [✓] before 2:00pm. local time on 3/6/2006.
   [ ] as notified by the United States Marshal.
   [ ] as notified by the Probation or Pretrial Services Officer.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 2 0 2006

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

## RETURN

I have executed this judgment as follows:

Defendant delivered on July 10, 2006 to USP Lompoc
at Lompoc, CA, with a certified copy of this judgment.

B.G. Compton, C.O.
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 1:04CR00322-001 | Judgment - Page 5 of 9 |
| DEFENDANT: | ABRAHAM NGUYEN MARTIN | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 YEARS.

This term consists of 5 YEARS as to Counts 9, 12, 13, 20, 22, 27, 29, 30, 32, 34, 38, 40, 42, 44, 46, 54, 59, 63, 68, 69, 72, 75, 76, and 77 of the Superseding Indictment in CR 04-00322DAE; and 3 years as to Counts 11, 16, 17, 48, 49, 50, 53, 56, 57, 58, and 71 of the Superseding Indictment in CR 04-00322DAE, with all such terms to run concurrently with each other and the terms of supervised release imposed in CR 05-00049DAE

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

[ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[✔] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ] The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

CASE NUMBER: 1:04CR00322-001
DEFENDANT: ABRAHAM NGUYEN MARTIN

Judgment - Page 6 of 9

# SPECIAL CONDITIONS OF SUPERVISION

1) That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office.

2) The defendant is to refrain from the possession and/or use of alcohol.

3) Defendant shall be prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

4) Defendant shall execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

5) Defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

AO 245 S (Rev. 12/03) Sheet 5, Part B - Criminal Monetary Penalties

| | | |
|---|---|---|
| CASE NUMBER: | 1:04CR00322-001 | Judgment - Page 7 of 9 |
| DEFENDANT: | ABRAHAM NGUYEN MARTIN | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $3500.00 | $ | $ 23,859.91 |

[ ] The determination of restitution is deferred until     . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination.

[ ] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Hawaii National Bank<br>Attn: Gilbert Shimatsu<br>Security Officer<br>P.O. Box 3740<br>Honolulu, Hawaii 96812 | | $5,324.63 | |
| D.M., Jr. | | $2,079.66 | |
| Chase Manhattan Bank<br>Chase Bank USA, N.A.<br>P.O. Box 15650<br>Wilmington, DE 19886-5650 | | $16,455.62 | |
| **TOTALS** | $ _ | $ 23,859.91 | |

[ ] Restitution amount ordered pursuant to plea agreement  $ _

[ ] The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [ ]   the interest requirement is waived for the   [ ] fine   [ ] restitution

   [ ]   the interest requirement for the   [ ] fine   [ ] restitution is modified as follows:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245 S (Rev. 12/03) Sheet 5, Part B - Criminal Monetary Penalties

| | |
|---|---|
| CASE NUMBER: | 1:04CR00322-001 |
| DEFENDANT: | ABRAHAM NGUYEN MARTIN |

Judgment - Page 8 of 9

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [ ]  Lump sum payment of $ _ due immediately, balance due
      [ ]  not later than _ , or
      [ ]  in accordance    [ ] C,    [ ] D,    [ ] E, or   [ ] F below, or

B  [✔]  Payment to begin immediately (may be combined with    [ ] C,    [ ] D, or  [✔] F below); or

C  [ ]  Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

D  [ ]  Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

E  [ ]  Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [✔]  Special instructions regarding the payment of criminal monetary penalties:
The restitution of $23,859.91 is due immediately, of which $16,455.62 (owed to Chase Manhattan Bank), is to be paid jointly with codefendant Anna Martin, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[✔]  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several Amount, and corresponding pay, if appropriate. The restitution of $23,859.91 is due immediately, of which $16,455.62 (owed to Chase Manhattan Bank, Tai Seng Video and Asia View Entertainment) is to be paid jointly with codefendant Anna Martin

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
Sheet 6A - Schedule of Payments

| | | |
|---|---|---|
| CASE NUMBER: | 1:04CR00322-001 | Judgment - Page 9 of 9 |
| DEFENDANT: | ABRAHAM NGUYEN MARTIN | |

ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINTLY

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| Anna Martin | | $16,455.62 | |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

ORIGINAL

AO 245B (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 01 2006

at 11 o'clock and 36 min. A.M
SUE BEITIA, CLERK

# United States District Court
## District of Hawaii

UNITED STATES OF AMERICA
v.
**ABRAHAM NGUYEN MARTIN**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number:   **1:04CR00322-001**
USM Number:   **87158-022**
**MICHAEL WEIGHT, AFPD**
Defendant's Attorney

**THE DEFENDANT:**

[✓]  pleaded guilty to count(s):  9, 11, 12, 13, 16, 17, 20, 22, 27, 29, 30, 32, 34, 38, 40, 42, 44, 46, 48, 49, 50, 53, 54, 56, 57, 58, 59, 63, 68, 69, 71, 72, 75, 76, and 77 of the Superseding Indictment
[ ]  pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| See next page. | | | |

The defendant is sentenced as provided in pages 2 through  9  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✓]   All remaining counts of the Indictment  (are) dismissed on the motion of the United States.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

DECEMBER 5, 2005
Date of Imposition of Judgment

Signature of Judicial Officer

**DAVID ALAN EZRA**, United States District Judge
Name & Title of Judicial Officer

FEB 01 2006
Date

AO 245B (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case

| CASE NUMBER: | 1:04CR00322-001 | | Judgment - Page 2 of 9 |
|---|---|---|---|
| DEFENDANT: | ABRAHAM NGUYEN MARTIN | | |

ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C.§1344 | Bank Fraud | 11/21/2001 | 9 |
| 18 U.S.C.§1029(a)(2) | Access Device Fraud | 12/9/2001 | 11 |
| 18 U.S.C.§1344 | Bank Fraud | 12/17/2001 | 12 |
| 18 U.S.C.§1344 | Bank Fraud | 12/14/2001 | 13 |
| 18 U.S.C.§1029(a)(2) | Access Device Fraud | 12/17/2001 | 16 |
| 18 U.S.C.§1029(a)(2) | Access Device Fraud | 5/22/2002 | 17 |
| 18 U.S.C.§1344 | Bank Fraud | 6/20/2002 | 20 |
| 18 U.S.C.§1344 | Bank Fraud | 8/7/2002 | 22 |
| 18 U.S.C.§1344 | Bank Fraud | 9/26/2002 | 27 |
| 18 U.S.C.§1344 | Bank Fraud | 10/8/2002 | 29 |
| 18 U.S.C.§1344 | Bank Fraud | 10/10/2002 | 30 |
| 18 U.S.C.§1344 | Bank Fraud | 10/11/2002 | 32 |
| 18 U.S.C.§1344 | Bank Fraud | 10/15/2002 | 34 |
| 18 U.S.C.§1344 | Bank Fraud | 10/16/2002 | 38, 40, 42 |
| 18 U.S.C.§1344 | Bank Fraud | 12/24/2002 | 44, 46 |
| 18 U.S.C.§1029(a)(2) | Access Device Fraud | 12/24/2002 | 48, 49 |
| 18 U.S.C.§1029(a)(2) | Access Device Fraud | 1/5/2003 | 50 |
| 18 U.S.C.§1029(a)(2) | Access Device Fraud | 1/9/2003 | 53 |
| 18 U.S.C.§1344 | Bank Fraud | 12/26/2002 | 54 |
| 18 U.S.C.§1029(a)(2) | Access Device Fraud | 12/27/2002 | 56 |
| 18 U.S.C.§1029(a)(2) | Access Device Fraud | 1/3/2003 | 57 |
| 18 U.S.C.§1029(a)(2) | Access Device Fraud | 1/7/2003 | 58 |
| 18 U.S.C.§1344 | Bank Fraud | 1/9/2003 | 59 |

AO 245B (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case

| CASE NUMBER: | 1:04CR00322-001 | | Judgment - Page 3 of 9 |
|---|---|---|---|
| DEFENDANT: | ABRAHAM NGUYEN MARTIN | | |

ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C.§1344 | Bank Fraud | 1/17/2003 | 63 |
| 18 U.S.C.§1344 | Bank Fraud | 1/22/2003 | 68 |
| 18 U.S.C.§1344 | Bank Fraud | 1/23/2003 | 69 |
| 18 U.S.C.§1029(a)(2) | Access Device Fraud | 1/27/2003 | 71 |
| 18 U.S.C.§1344 | Bank Fraud | 1/27/2003 | 72 |
| 18 U.S.C.§1344 | Bank Fraud | 1/29/2003 | 75, 76, 77 |