# FEDERAL PUBLIC DEFENDER
### District of Hawaii

**Alexander Silvert**
**First Assistant Federal Defender**

300 Ala Moana Boulevard, Suite 7-104
Honolulu, Hawaii 96850-5269

(808) 541-2521 ♦ Facsimile (808) 541-3545 ♦ Toll free (877) 541-2521

September 27, 2006

Abraham Martin
# 87158-022
FPC Lompoc
3705 West Farm Road
Lompoc, CA. 93436

Re: <u>Reply To Letter Dated September 24, 2006</u>

Dear Mr. Martin:

I am writing in response to your letter dated September 24, 2006. I hope you find that this letter describes your options fully and in a manner that you understand.

After a defendant is sentenced by a district court judge, a defendant has only two ways to have a court review the sentence. First, a defendant can file a direct appeal to the Ninth Circuit Court of Appeals. In that appeal, a defendant can raise any issues of law that he raised before the district court and which the defendant feels the district court judge got wrong. In your case, that would have been the two-level enhancement you are focusing on in your letter. Such an appeal, however, must be filed within 10 days after the written judgement is issued. After 10 days, no such appeal can be taken. In your particular situation, no appeal was filed and, therefore, this avenue of appeal no longer exists. Period. Whether or not the plea agreement allowed you to appeal, which it did not under your circumstances, is not relevant since the 10 day period in which to file an appeal has long since passed.

The only other possible way a defendant's sentence can be reviewed is if a defendant files a habeas corpus petition pursuant to 28 U.S.C. § 2255 alleging that there was an error committed before the district court, that the error was caused by ineffective assistance of counsel, and that the error was prejudicial/harmful. This type of petition must be filed anytime *within* one year from the date the judgement was entered. After one year, no such petition can be filed. Under the law, a defendant in a habeas corpus proceeding is not entitled to a free attorney, although the <u>court has the discretion to appoint counsel</u> if the court believes it is necessary to assist the court in deciding the matter. Since such proceedings almost always involve a claim of ineffective assistance of counsel, in your case, perhaps Mr. Weight's, my office would be disqualified from assisting you in any manner due to your claim that Mr. Weight (my office) caused you harm by his ineffectiveness.

EXHIBIT "A"