ABRAHAM MARTIN
87158-022
FPC LOMPOC
3705 WEST FARM ROAD
LOMPOC, CA 93436-2756

IN PRO SE APPELLANT

IN THE UNITED STATES DISCTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 04-00322-01 DAE |
| | ) CR. NO. 05-00049-01 DAE |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM IN SUPPORT OF |
| | ) MOTION UNDER 28 U.S.C. § 2255; |
| ABRAHAM NGUYEN MARTIN | ) DECLARATION OF ABRAHAM MARTIN; |
| | ) EXHIBITS A, B, C; |
| Defendant | ) CERTIFICATE OF SERVICE. |
| | ) |

**MEMORANDUM IN SUPPORT OF MOTION UNDER 28 USC § 2255**

**COMES NOW,** Abraham Nguyen Martin, hereinafter "Martin", defendant in the abovementioned criminal case, and hereby respectfully submits his Memorandum in Support of Motion Under 28 U.S.C. § 2255 to the Honorable Court for correction and/or modification of sentence.

This Motion is predicated on the files and records herein, and the Memorandum in support of Motion, points and authorities, Martin's Declaration and exhibits hereafter attached.

Respectfully submitted,

*/s/ Abraham Martin*

November 21, 2006

Abraham Nguyen Martin
Defendant
In Propria Persona

- 1 -

<u>MEMORANDUM IN SUPPORT OF MOTION UNDER 28 USC § 2255</u>

<u>GROUND I: EXCESSIVE SENTENCE, BOOKER ISSUE</u>

**As argued** in defendant's Motion for Appointment of Counsel which is herein incorporated for reference, defendant was given two (2) extra levels above the recommendations of the U.S. Probation Office's Presentence Report level of 21, bringing it to level 23, or 57 to 71 months. The court decided 70 months for defendant, almost the upper limit. Such was based on role enhancement theory. This is a clear and convincing issue of **Booker**, and a violation of the Sixth Amendment of the U.S. Constitution. The court should have adhered to **Blakely/Booker/Ameline** cases of law in sentencing defendant, based on the PSR recommendations. Even the PSR Amendment had objected to the government's enhancement motion, which could not provide an accurate, adequate and complete information and evidence and/or witness to support the underlying enhancement. "A sentence based on inaccurate and unreliable information must be set aside by district court." [see **United States v. Polson**, 285 F3d 563 (7th Cir. 2002)]. According to **United States v. Herrera-Rojas**, 243 F3d 1139 (9th Cir. 2001), "If the district court fails to make the required findings or determinations during the sentencing hearing, the sentence must be vacated and the defendant resentenced." Furthermore, district court's failure to advise the defendant of his right to appeal sentence was error. [see **Peguero v. United States**, 526 US 23, 143 LEd2d 18, 119 SCt 961 (1999)]. The government's enhancement was therefore virtually against many legal precedents and cases and without merit; with the intention to impose additional and unjustified punishment

upon defendant unjudicially.

These points and authorities augment the prior authorities submitted with defendant's Motion for Appointment of Counsel. In **US v. Booker**, 543 US 220 (2005), 230-235, the U.S. Supreme Court ruled the Sixth Amendment protections as set forth in **Apprendi v. New Jersey**, 530 US 466 (2000) and **Blakely v. Washington**, 542 US 296 (2004), are applicable to the Guidelines. Any fact other than a prior conviction which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. **Apprendi v. New Jersey**, 530 US at 490 (2000).

The statutory maximum sentence is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury's verdict or admitted by the defendant. **Blakely v. Washington**, 542 US at 303-304 (2004). To the extent a district court seeks to increase a defendant's offense level and corresponding sentencing range using enhancements set forth in the guidelines, the facts used to prove those enhancements must be found by a jury beyond a reasonable doubt unless they are admitted by the defendant. **US v. Booker**, 543 at 232-233 (2005).

Sixth Amendment protections include a defendant's right to have a jury determine "any particular fact" the law makes essential to his punishment that the defendant has not admitted. **Blakely v. Washington**, 542 US at 301 (2005).

The District Court's sentence here violated defendant's

Sixth Amendment right when it relied upon facts neither found by the jury nor admitted by the defendant, to increase the sentencing range by enhancing defendant's sentence beyond the facts reflected by defendant's plea of guilty.

Here as argued in defendant's previously filed Motion for Appointment of Counsel, which is incorporated here by reference, the Court could not legally infer from defendant's Plea of Guilty that he was the leader or organizer of the conspiracy charged, either because such was never admitted by the defendant, and further, not inferrable to even a preponderance of the evidence by his plea; and furtheremore, if ineffective counsel had filed an opposition to the enhancement, which was his legal duty, it would have been shown that the informant was in fact the organizer, leader and supervisor of the conspiracy and **not** defendant, as explicated in defendant's Exhibit "C".

### GROUND II: DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL

Under U.S.C. Title 18 § 3064 and pursuant to Fed. R. Crim. P. 44, defendant is entitled to appointment of adequate representation by counsel. Also, the Sixth Amendment provides that every criminal defendant shall enjoy the right .... to have the assistance of counsel in every proceeding against him. There is no more important protection provided by the U.S. Constitution than the Sixth Amendment. **Powell v. Alabama**, 287 US 45, 53 SCt 55, 77 LEd2d 158 (1932). Under **Strickland v. Washington**, 446 US 648, 104 SCt 2039, 80 LEd2d 674 (1984), a defense lawyer must subject the government case to adversarial testing. Also the least a competent lawyer should do is to investigate the relevant guidelines applicable

to his client; failure to do so amounts to ineffective assistance of counsel.

As mentioned in defendant's Ex-Parte Motion for Appointment of Counsel, which is herein incorporated for reference, both Federal Public Defenders, Mr. William Domingo and Mr. Michael Weight, proved themselves to be ineffective. They did practically nothing in defense against the fierce and unwarranted prosecution by the government, such as:

a) Defense counsel did not raise objection to the government's postponement of the Speedy Trial, in favor of the government.

b) Defense counsel did not object to the government's discovery (about 711 pages), the majority of which is Luu's crime(s), and five (5) pages, 000615 through 000619, of which are First Hawaiian Bank's fabrication of evidence to harm the co-defendant, Anna Martin, carrying over-spill of criminal conduct to be imported on her.

c) Defense counsel did not request discovery on Hung Chi Luu for the past 20 years. Luu being the king-pin in this offense who turned over as government's informant.

d) Defense counsel did not file defense motions, such as:
   1. Motion to suppress evidence (illegal search and seizure)
   2. Motion for a Bill of Particulars, or move for a clarification of the ambiguous/duplicitous accusations/charges.
   3. Motion to Dismiss Indictment against Co-defendant, and/or Acquit Co-defendant, since defendant alone committed the offense.
   4. Motion to Discover the Existence of or Reveal the name of the ring leader in the case.
   5. Motion for Evidentiary Hearing.
   6. Motion to Attack Excessive Sentence (**Booker** issue **not** raised).
   7. Object to the dsitrict court's non-disclosure of defendant's right to appeal at sentencing.
   8. File a Direct Appeal within 10 days of sentencing.
   9. File any other motion(s) as appropriate and necessary in the course of pretrial, bargaining, pleading and

- 5 -

sentencing.

e) Defense counsel did not advise defendant at sentencing and after sentencing regarding the right to file a direct appeal, in violation of the Sixth Amendment of the U.S. Constitution (based on sentencing defendant beyond the recommended PSR Guidelines Range, a clear **Booker** issue.)

f) Defense counsel did not provide defendant with a solid-core, complete analysis and thorough explanation of the court documents and the pros-and-cons thereof.

g) Defense counsel did not bargain and demand that the government adheres to the Rules governing adequate time frame for sound, fair and just bargaining. He should have objected to the government's imposition of its own terms and conditions contrary to defendant's interest and actual offense.

h) Defense counsel had no time for defendant, since many cases were assigned to him (some 60 cases as admitted by Mr. Michael Weight, Federal Public Defender) and he was overburdened and overwhelmed.

Counsel's ineffectiveness resulted in a violation of substansive due process clause of the Fifth Amendment and assistance of counsel clause of the Sixth Amendment of the U.S. Constitution. [**McCoy v. Court of Appeals of Wisconsin, District 1**, 486 US 429, 108 SCt 1895, 100 LEd2d 440 (1988)]. Federal Public Defender(s) or court-appointed counsel(s) have the same obligations as paid counsels to provide their clients with adequate representation. It is therefore settled law that an indigent defendant has the same right to effective representation as much as a defendant who can afford to retain counsel of his or her own choice. Appointed counsel must

advocate anything in the record arguably supporting the client's position.

**United States v. Cook**, 45 F3d 388 (10th Cir. 1995) held that an attorney who failed to raise an issue on appeal that was a "dead-bang winner" had provided ineffective assistance of counsel; see also **Strickland v. Washington**, 446 US 688 (1984).

### GROUND III: UNCONSTITUTIONAL SEARCH AND SEIZURE

The FBI entered defendant's property on February 15, 2003 without a "valid" Search and Seizure Warrant, occupied it for two (2) days (we had to obtain lodging at a Waikiki hotel for the night) and hauled away hundreds of equipment, VHS tapes, supplies, furniture, miscellaneous personal belongings and assets, etc ... without our presence (we were chased away from our home and forbidden to enter) and which were **not** listed on the authorized Search Warrant inventory, as obtained by the U.S. Secret Servcie special agent Joseph Roberts, signed by Magistrate Judge Kevin Chang, on February 15, 2003. This is a clear violation of the Fourth Amendment of the U.S. Constitution and U.S.C. Title 18 §§ 2234 and 2236. A search warrant cannot be "broad and vague" as to allow law enforcers to "seize at will" citizens's home belongings, assets and privacy. See **United States v. Mathison**, 157 F3d 541 (8th Cir. 1998). Under **Flippo v. West Virginia**, 528 US 11, 145 LEd2d 16, 120 SCt 7 (1999), there is no "murder scene exception" to warrant clause of the Fourth Amendment that would allow warrantless search of everything found within crime scene, after the area has been secured. **United States v. Gigley**, 213 F3d 509 (10th Cir. 2000) states that the scope of a search is limited by the breadth of the consent given. Furthermore, the obtained Search Warrant was based merely on slanderous

information, unfounded and unproven, as given by Luu, an FBI informant, and definitely **not** based on truthful and factual showing of probably cause. See **Hunter v. Namanny**, 219 F3d 825 (9th Cir. 2000). According to **United States v. Reid**, 226 F3d 1020 (9th Cir. 2000), evidence that is recovered following an illegal entry into a home is inadmissable and must be suppressed. The FBI performed what could be termed as "open-ended" or "general" search, which was not authorized by Magistrate Judge Kevin Chang at that time; their search was therefore warrantless and illegal, a clear violation of the Fourth Amendment of the U.S. Constitution. See **William v. Kaufman County**, 352 F3d 994 (5th Cir. 2003). Defendant's Ex-Parte Motion for Appointment of Counsel is also incorporated herein for reference.

### GROUND IV: FAILURE TO DISCLOSE DEFENDANT'S FAVORABLE EVIDENCE & ASSISTANCE TO THE GOVERNMENT

Defendant had helped the FBI search for the secret files stolen from top U.S. military officers in Waimea Beach Park, island of Oahu, back in 2002, as requested by FBI special agent Sam Mum. Defendant also turned in an insurance fraud case of John Yeh and his Comfort Zone Therapeutic Massage to FBI special agent Tim Beam (some $2,000,000.00 in damages) back in June 2003. Defendant also spent time without renumeration, per Mr. Beam's request, hunting for stolen items from another agent's vehicle parked in Kapahulu Avenue, Honolulu, Hawaii. Defendant had also made numerous offers to help the government with possible cases of crime, which the defense counsel failed to file Rule 35 motion for "substansive co-operation". And the prosecutor therefore failed to disclose evidence favorable to defendant, intentionally. See Exhibit "A" hereafter attached. Suppression of favorable evidence violates

due process. See **Brady v. Maryland**, 373 US 83, 10 LEd2d 215, 83 SCt 1194 (1963). Prosecution's failure to disclose material and favorable evidence to defendant will violate due process under **BRADY**, even when defendant makes no request for such evidence. See **Artholomew v. Wood**, 34 F3d 870 (9th Cir. 1994). Also under **BRADY**:

1) "BRADY material" is any evidence material either to guilt or punishment which is favorable to the accused, irrespective of good faith or bad faith of prosecution.

2) Prosecutor's duty to reveal BRADY materials does not depend on request by defense.

See **United States v. Hanna**, 55 F3d 1456 (9th Cir. 1995). As a furthere step in this argument, under **BRADY**, exculpatory evidence cannot be kept out of hands of defense just because prosecutor does not have it, where investigating agency does. See **United States v. Zuno-Arce**, 44 F3d 1420 (9th Cir. 1995). **BRADY** also stipulates:

1) BRADY error occurs when government suppresses "material" information that is favorable to defense; information is "material" if there is a reasonable probability that, had the evidence been disclosed to defense, result of proceeding would have been different.

2) BRADY rule, which prohibits government from suppressing evidence favorable to defense, applies to impeachment evidence, as well as exculpatory evidence.

See also **United States v. Turner**, 104 F3d 217 (8th Cir. 1997) and **United States v. Blais**, 98 F3d 647 (1st Cir. 1996). Defendant's Ex-Parte Motion for Appointment of Counsel is also herein incorporated by reference.

### GROUND V: DENIAL OF SPEEDY TRIAL

A study of the Court Docket events indicates clearly that Martin was denied Speedy Trial, the court therefore violated Speedy Trial Act. Defendant was not advised nor consulted nor agreed to continuances which delayed the original trial date set by the magistrate judge during the very first hearing. This is

also a violation of the Fifth Amendment of the U.S. Constitution.

### GROUND VI: NO BARGAINING TIME GIVEN

While being detained at the FDC Honolulu from August 26, 2004 to the court hearing date of February 1, 2005, Martin had not been given adequate time for premium bargaining to achieve a fair and just deal, as per Law, but was pressured into pleading guilty to the alleged counts by the prosecutor, without any time table for proper and fair bargaining (see Court Docket). The prosecutor just wanted conviction without regard for judicial fairness, truth and justice. It was therefore a clear violation of the Fifth Amendment of the U.S. Constitution.

### CONCLUSION

**WHEREFORE**, for all the foregoing grounds, points and authorities, records and files herein, and arguments thereof, defendant respectfully requests that the Honorable Court exercise its discretion to modify and/or correct the sentence accordingly, for optimum justification and achievement of FAIRNESS and JUSTICE.

DATED:   LOMPOC, CALIFORNIA this 21st day of November 2006

Restpectfully submitted,

_____
Abraham Nguyen Martin
Defendant
In Propria Persona

- 10 -