IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIV. NO. 06-00629 DAE/LEK |
| ) | CR. NO. 04-00322 DAE |
| ) | CR. NO. 05-00049 DAE |
| Plaintiff, ) | |
| ) | MEMORANDUM OF LAW |
| vs. ) | |
| ) | |
| ABRAHAM NGUYEN MARTIN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM OF LAW

Defendant Abraham Nguyen Martin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is premised, in part, upon the alleged claims of ineffective assistance of his appointed defense counsel, Michael Weight, formerly an Assistant Federal Public Defender for the District of Hawaii, now retired.

The Defendant claims, in part, that Mr. Weight provided ineffective assistance of counsel, to wit: 1) by failing to object to continuances under the Speedy Trial Act; 2) By failing to file appropriate pre-trial motions; 3) by failing to file objections to the government's discovery; 4) by failing to advise the defendant of his right of file a direct appeal; 5) by failing to adequately explain and provide advice on the "pros and cons" of court documents; 6) failing to bargain for government "adherence" to the "rules" governing fair and just plea

bargaining; and 7) failing to provide defendant with the time and attention required to properly represent him.

Given these allegations, the Defendant has waived his attorney-client privilege with Mr. Weight, such that Mr. Weight may be interviewed, prepare an affidavit or declaration, and called as a witness, if necessary.

<u>Laughner v. United States</u>, 373 F.2d 326 (5th Cir. 1967) illustrates that the privilege is intended to act as a shield, not a sword. When defendant's former counsel was called by the government as a witness at a § 2255 evidentiary hearing claiming ineffective assistance of counsel, defendant objected on the basis of attorney-client privilege. In utterly rejecting defendant's contention, the Fifth Circuit said:

> We are met first with the remarkable contention that appellant's rights were infringed upon by reason of the fact that the attorney he charged with failure to represent him adequately at his arraignment and sentencing was called as a witness by the government and permitted by the court to testify in this postconviction proceeding with respect to the factual issues raised by appellant's motion. Having demanded and obtained a factual judicial inquiry into his claim that the attorney appointed to render him the assistance of counsel for his defense failed to discharge his responsibilities properly, appellant now proposes to invoke the privilege accorded confidential communications between an attorney and his client to eliminate the one source of evidence likely to contradict his allegations. We are unable to subscribe to this proposition. The privilege is not an inviolable seal upon the attorney's lips. It

2

> may be waived by the client; and where, as here, the client alleges a breach of a duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue.

373 F.2d at 327. See also, Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir.), cert. denied, 124 S.Ct. 536 (2003)(where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all matters raised in his habeas petition).

These holdings are also entirely consistent with the Hawaii Rule of Professional Conduct 1.6[1], which provides:

> (c) A lawyer may reveal information relating to representation of a client to the extent the lawyer reasonably believes necessary:
>
> . . . .
>
> (3) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge, civil claim, or disciplinary complaint against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or
>
> . . . .

Under established case law, and the rules of professional conduct, it is clear that the Defendant, by alleging

---

[1] Local Rule 83.3 applies the Hawaii Rules of Professional Conduct proceedings in this Court.

that Mr. Weight provided ineffective assistance of counsel, has waived his attorney-client privilege.

## CONCLUSION

The Defendant, by bringing his § 2255 motion, has waived his attorney-client privilege with his counsel. For the foregoing reason, the United States of America submits that the instant motion should be granted and the appended proposed Order issued by this Court.

DATED: 3/21/07, 2007, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By _____
WILLIAM L. SHIPLEY
Assistant U.S. Attorney