IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CIV. NO. 06-00629 DAE/LEK |
|---|---|---|
| | ) | CR. NO. 04-00322 DAE |
| Plaintiff, | ) | CR. NO. 05-00049 DAE |
| | ) | |
| | ) | DECLARATION OF COUNSEL |
| vs. | ) | |
| | ) | |
| ABRAHAM NGUYEN MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DECLARATION OF COUNSEL

    WILLIAM L. SHIPLEY, upon penalty of perjury, declares and states as follows:

    1.   I am an Assistant U.S. Attorney in the District of Hawaii and counsel of record representing the United States in the above-entitled criminal case. I make this Declaration of my own personal knowledge.

    2.   On or about November 21, 2006, Defendant Abraham Nguyen Martin filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody wherein he claims, in part, that Mr. Weight provided ineffective assistance of counsel, to wit:  1) by failing to object to continuances under the Speedy Trial Act; 2) By failing to file appropriate pre-trial motions; 3) by failing to file objections to the government's discovery; 4) by failing to advise the defendant of his right of file a direct appeal; 5) by failing to adequately explain and provide advice on the "pros and cons" of

court documents; 6) failing to bargain for government "adherence" to the "rules" governing fair and just plea bargaining; and 7) failing to provide defendant with the time and attention required to properly represent him.

    3.  On or about March 2, 2007, after several weeks of trying, I was finally able to contact Mr. Weight, who had retired from the Federal Defender's Office in 2006. I was able to notify Mr. Weight that the Defendant had filed a 2255 motion and the substance of the motion as it relates to the allegations of ineffective assistance of counsel. I had previously transmitted a copy of the Defendant's 255 motion to the Office of the Federal Defender for forwarding to Mr. Weight since I was unaware of his current residence.

    4.  Once I was finally able to speak with Mr. Weight, he requested that I first seek a court order permitting the disclosure of attorney-client communications so that he may respond to the Defendant's allegations in the form of a declaration. Given the Defendant's allegations, the Government submits that good cause exists, based upon the appended Memorandum of Law, for this Court to find a waiver of the attorney-client privilege herein. Absent such an order, the Government will not be able to address the specific factual allegations raised by the Defendant with respect to the conduct of Mr. Weight.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED:  Honolulu, Hawaii, _____3/21_____, 2007.

_____
WILLIAM L. SHIPLEY