IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIV. NO. 06-00629 DAE/LEK |
| | ) | CR. NO. 04-00322 DAE |
| Plaintiff, | ) | CR. NO. 05-00049 DAE |
| | ) | |
| vs. | ) | MEMORANDUM IN SUPPORT OF MOTION |
| | ) | |
| ABRAHAM NGUYEN MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM IN SUPPORT OF MOTION

On November 21, 2006 defendant Abraham Martin sent to Hawaii District Court his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, due to time constraint, to beat the deadline of December 5, 2006. In the second ground for relief of his Motion, Martin claims ineffective assistance of counsel, naming mainly Mr. Michael Weight, a former Assistant Federal Public Defender in the District of Hawaii, now retired.

On March 21, 2007 the government filed a Motion for Order finding Waiver of Attorney-Client Privilege with respect to defendant's Motion 2255, with its appended proposed Order. The District Court granted the government's Motion two (2) days later, signed by the Honorable David Alan Ezra, United States District Judge. The signed ORDER names in its first paragraph "Anthony Durrel Kirksey" as defendant and William Domingo as attorney.

The government's Memorandum of Law cited Laughner v. United States, 373 F.2d 326 (5th Cir. 1967), a 40-year-old case law, which "illustrates that the privilege is intended to act as a shield, not a sword." Martin totally agrees with this illustra-

tion, since it is only "fair and just". On the other hand, the second cited case law by the government in its Memorandum of Law, Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003), a 4-year-old case law, dictates that "Scope of habeas petitioner's waiver arising from claim of ineffective assistance of counsel raised in habeas petition extended only to litigation of the federal habeas petition; attorney-client privilege was not waived for all time and all purposes, ....." at page 716. Furthermore, it also states that "The district court entered a protective order precluding use of the privileged materials for any purpose other than litigating the federal habeas petition, and barring the Attorney General from turning them over to any other persons or offices, including, in particular, law enforcement or prosecutorial agencies." at 717.

Therefore, a **Protective Order** is only appropriate with respect to waiver of attorney-client privilege which was granted by the court on March 23, 2007, as confirmed by **Bittaker v. Woodford** cited above.

CONCLUSION

Defendant Abraham Martin having brought his Motion 2255 has no objection to the court ORDER finding waiver of attorney-client privilege with respect to this Motion. On the other hand, for the foregoing reason and case law, Martin requests that his motion for **Protective Order** be granted and the appended proposed ORDER issued by this Honorable Court.

DATED: Lompoc, California March 30, 2007

Respectfully submitted,

Abraham Martin

- 2 -