EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON, #4532
Chief, Major Crimes Section

WILLIAM L. SHIPLEY
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: William.Shipley@usdoj.gov

Attorneys for Respondent/Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV. NO. 06-00629 DAE LEK |
| | ) | CR. NO. 04-00322 DAE |
| Respondent/Plaintiff, | ) | CR. NO. 05-00049 DAE |
| | ) | |
| | ) | GOVERNMENT'S RESPONSE TO |
| vs. | ) | PETITIONER'S MOTION UNDER |
| | ) | 28 U.S.C. § 2255 TO VACATE, |
| | ) | SET ASIDE, OR CORRECT |
| ABRAHAM NGUYEN MARTIN, | ) | SENTENCE; EXHIBITS "A-F"; |
| | ) | CERTIFICATE OF SERVICE |
| Petitioner/Defendant. | ) | |
| _____ | ) | |

GOVERNMENT'S RESPONSE TO PETITIONER'S
MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE

TABLE OF CONTENTS

PAGE(S)

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . i-ii

I.   INTRODUCTION.. . . . . . . . . . . . . . . . . . . . . 1

II.  LAW AND ARGUMENT.. . . . . . . . . . . . . . . . . . . 3

     A.   The Defendant Is Not Entitled to Relief as to His
          Sentence Based on Booker. . . . . . . . . . . . . 3

          1.   The Court Imposed a Sentence Within the
               Guideline Range of the Offense Level
               Determined by the Court to Apply to the
               Defendant, Therefore the Defendant's Claim
               Is Waived by His Plea Agreement. . . . . . . 3

          2.   Even If the Defendant Had Not Waived His
               Right to Collaterally Attack His Sentence,
               the Defendant Is Not Entitled to Relief
               Pursuant to Booker.. . . . . . . . . . . . . 5

     B.   The Defendant Did Not Suffer from Ineffective
          Assistance of Counsel as Claimed in His Petition,
          or Was Not Prejudiced as a Result.. . . . . . . . 7

          1.   Standard for Evaluating Claims of Ineffective
               Assistance of Counsel. . . . . . . . . . . . 7

          2.   The Defendant's Assertions Are Not Supported
               by Factual Allegations as to What His Counsel
               Did/did Not Do, and How the Defendant Was
               Prejudiced as a Result.. . . . . . . . . . . 9

               a.   Failure to Object to Trial Postponements. . 9

               b.   Failure to Object to Government's
                    Discovery.. . . . . . . . . . . . . . . 12

               c.   Failure to Request Discovery on
                    Co-Conspirator. . . . . . . . . . . . . 12

               d.   Failure to File Motions.. . . . . . . . 13

               e.   Failure to Advise Defendant of Right
                    to Appeal.. . . . . . . . . . . . . . . 15

      f.    Failure to Consult with the Defendant
           Regarding Court Documents.. . . . . . . 16

      g.    Failure to Bargain and Demand
           Government Adherence to Rules
           Governing Fair and Just Bargaining. . . . 17

      h.    Failure of Counsel to Devote Time to
           Meeting and Speaking with Defendant.. . . 17

   C.   The Defendant Has Waived by His Unconditional
      Guilty Plea Any Challenge to Non-Jurisdictional
      Errors or Defects in the Government's Case. . . . . 18

      1.    The Search of the Defendant's Residence
           Was Lawful.. . . . . . . . . . . . . . . . . 20

      2.    There Can Be No Brady Violation for
           Non-disclosure of Information of Which
           the Defendant Was Aware. . . . . . . . . . . 22

      3.    The Defendant's Speedy Trial Act Rights
           Were Not Violated. . . . . . . . . . . . . . 23

III. CONCLUSION.. . . . . . . . . . . . . . . . . . . . . . 24

TABLE OF AUTHORITIES

CASES                                                      PAGE(S)

Blackledge v. Allison,
      431 U.S. 63 (1977). . . . . . . . . . . . . . . . . . .  19

Bordenkircher v. Hayes,
      434 U.S. 357 (1978). . . . . . . . . . . . . . . . . .  19

Brady v. Maryland,
      373 U.S. 83 (1963). . . . . . . . . . . . . . . . . . .  23

Corbitt v. New Jersey,
      439 U.S. 212 (1978). . . . . . . . . . . . . . . . . .  19

Hill v. Lockhart,
      474 U.S. 52 (1985). . . . . . . . . . . . . . . . . . . . 7

Kimmelman v. Morrison,
      477 U.S. 365 (1986) . . . . . . . . . . . . . . . . . .  14

Miller v. Keeney,
      882 F.2d 1428 (9th Cir. 1989). . . . . . . . . . . . . . 8

North Carolina v. Alford,
      400 U.S. 25 (1970). . . . . . . . . . . . . . . . . . .  18

Parker v. North Carolina,
      397 U.S. 790 (1970). . . . . . . . . . . . . . . . . .  18

Santobello v. New York,
      404 U.S. 257 (1971). . . . . . . . . . . . . . . . . .  19

Strickland v. Washington,
      466 U.S. 668 (1984). . . . . . . . . . . . . . . 7, 11, 14

Tollett v. Henderson,
      411 U.S. 258 (1973). . . . . . . . . . . . . . . . . 18-20

United States v. Booker,
      543 U.S. 220 (2005). . . . . . . . . . . . . . 5, 7, 15, 16

United States v. Bracy,
      67 F.3d 1421 (9th Cir. 1995). . . . . . . . . . . . . .  23

United States v. Brickey,
      289 F.3d 1144 (9th Cir. 2002). . . . . . . . . . . . .  23

<u>CASES</u>                                                      <u>PAGE(S)</u>

United States v. Castillo,
    464 F.3d 988 (9th Cir. 2006). . . . . . . . . . . . . . 19

United States v. Clark,
    218 F.3d 1092 (9th Cir. 2000) . . . . . . . . . . . . . . 3

United States v. Cochrane,
    985 F.2d 1027 (9th Cir. 1993) . . . . . . . . . . . . . . 8

United States v. Gallardo,
    773 F.2d 1496 (9th Cir. 1985) . . . . . . . . . . . . . 10

United States v. Ingham,
    476 F.3d 706 (9th Cir. 2007) . . . . . . . . . . . . . . 6

United States v. Lopez-Armenta,
    400 F.3d 1173 (9th Cir. 2005). . . . . . . . . . . . . . 19

United States v. Nunez,
    223 F.3d 956 (9th Cir. 2000). . . . . . . . . . . . . . . 4

United States v. Wong,
    334 F.3d 831 (9th Cir. 2003)
    (citing Horton v. California,
    496 U.S. 128 (1990). . . . . . . . . . . . . . . . . . . 21

United States v. Kimbrew,
    406 F.3d 1109 (9th Cir. 2005). . . . . . . . . . . . . . 5

Woratzeck v. Ricketts,
    820 F.2d 1450 (9th Cir. 1987),
    vacated on other grounds,
    859 F.2d 1559 (9th Cir. 1988) . . . . . . . . . . . . . . 8


<u>RULES AND STATUTES</u>

18 U.S.C. § 3161. . . . . . . . . . . . . . . . . . . . . . 9

28 U.S.C. § 2255. . . . . . . . . . . . . . . . . . . . 1, 2


<u>MISCELLANEOUS</u>

U.S.S.G. Sec. 3B1.1(a). . . . . . . . . . . . . . . . . . . 6

GOVERNMENT'S RESPONSE TO PETITIONER'S
MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE

The United States of America, by and through its
counsel of record, EDWARD H. KUBO, JR., United States Attorney
for the District of Hawaii, and WILLIAM L. SHIPLEY, Assistant
United States Attorney, respectfully submit this response to the
motion of Petitioner/Defendant ABRAHAM NGUYEN MARTIN (hereinafter
"Defendant") to vacate, set aside, or correct his sentence
pursuant to 28 U.S.C. § 2255.

I.   INTRODUCTION

The Defendant was initially indicted on August 25,
2004.  An 80-count Superseding Indictment was returned on March
9, 2005, charging him with conspiracy, wire fraud, mail fraud,
bank fraud, access device fraud, mail theft, and copyright
infringement.  The Defendant later waived indictment on certain
additional charges, which were contained in a felony Information
charging him with additional counts of bank fraud and money
laundering.

The Defendant was initially represented by William
Domingo of the Federal Defender's Office, and later by Michael
Weight of the Federal Defender's Office.  Mr. Weight took over
the representation of the Defendant in or around September, 2005,
and continuously represented the Defendant at all stages of the
plea negotiations, during the change of plea hearing, and at
sentencing.

On March 18, 2005, pursuant to a written plea agreement, the Defendant pled guilty to 35 counts of the Superseding Indictment, and two counts of the Information.  In paragraph 14 of that written plea agreement, the Defendant waived his right to appeal or <u>collaterally attack</u> his sentence, with two exceptions:  1) "If the Court imposed a sentence greater than specified in the guideline range <u>determined by the Court</u> to be applicable to the Defendant," or 2) "based on a claim of ineffective assistance of counsel."  (Emphasis added).  A copy of the plea agreement is attached hereto, marked as Exhibit "A".

On December 15, 2005, the Defendant was sentenced to 70 months in custody.

Notwithstanding the written plea agreement, on November 24, 2006, the Defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, based in part of the determination by the district court that a two-level enhancement under the advisory guidelines for "role in the offense" was appropriate under the facts.  The defendant also raises a variety of allegations he claims constitute ineffective assistance of counsel on the part of Mr. Weight, and several allegations regarding legal defects in the proceedings against him.

2

II.  <u>LAW AND ARGUMENT</u>

    A.  The Defendant Is Not Entitled to Relief as to His <u>Sentence Based on Booker</u>.

        1.  The Court Imposed a Sentence Within the Guideline Range of the Offense Level Determined by the Court to Apply to the Defendant, Therefore the <u>Defendant's Claim Is Waived by His Plea Agreement</u>.

The Defendant's plea agreement reserved his right to collaterally attack his sentence if the Court imposed a sentence greater than that specified in the guideline range, <u>as determined by the Court</u>, to apply to the Defendant.  The Defendant did not reserve the right to collaterally attack the Court's determination of what guideline range applied, i.e., the calculation of his adjusted offense level.  Nevertheless, the Defendant seeks with his motion to collaterally attack the Court's finding that a "leadership" enhancement was appropriate, which increased by two of his adjusted offense level.  Such a claim is barred by the clear language of the plea agreement's waiver of the right to collaterally attack any sentence which was within the guideline range of the adjusted offense level as determined by the district court.

It is a fundamental rule that plea agreements are contractual in nature and are measured by contract law standards. <u>United States v. Clark</u>, 218 F.3d 1092, 1095 (9th Cir. 2000). This customary reliance on contract law applies to interpretation of an appeal's waiver within a plea agreement, and such waivers

3

are generally enforced when the plain language of a plea agreement is clear and unambiguous on its face. United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000). The government has honored its contractual obligations in the plea agreement, and seeks from the Court an order that the Defendant be similarly bound.

The Court here found from the facts set forth in the Presentence Report that the Defendant assumed a leadership role in the offense conduct, and applied a two-level enhancement to the calculation of his offense level. The terms of the Defendant's plea agreement do not allow him to challenge the district court's determination of the offense level that applies to his conduct. Rather, he may only challenge his sentence to the extent that term of imprisonment exceeded that provided in the guidelines for the offense level as determined by the Court.

Since the Defendant's sentence of 70 months is within the guideline range of the offense level as determined by the Court, his sentence is not subject to collateral attack under the terms of the plea agreement, and on that basis the Court should deny the motion as to the first ground raised.

In the plea agreement, the government agreed to dismiss 45 counts of the Superseding Indictment and eight counts of the Information in exchange for the Defendant's agreement to plead guilty according to the terms of the plea agreement. The

4

government has complied with its obligations under the plea agreement, and the Defendant should be held to the obligations he undertook, one of which was to forgo any collateral attack on his sentence in the manner in which he is attempting.  For that reason, the challenge to his sentence pursuant to <u>Booker</u> should be denied as having been waived.

> 2.    Even If the Defendant Had Not Waived His Right to Collaterally Attack His Sentence, the Defendant Is <u>Not Entitled to Relief Pursuant to Booker</u>.

The Defendant contends the Court had insufficient evidence upon which to impose the two-level leadership enhancement.  Even though the Guidelines are no longer mandatory after the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the district court should still consult them for advice as to the appropriate sentence.  <u>United States v. Kimbrew</u>, 406 F.3d 1109, 1152 (9th Cir. 2005).

The Defendant was sentenced on December 5, 2005, nearly 10 months after the Supreme Court's pronouncement in <u>Booker</u>.

Prior to sentencing, the Defendant filed a response to the Draft Presentence Report in which he stated that he had "no objections" to the draft report.  A copy of that response is attached hereto, marked as Exhibit "B".

The government filed a response to the Draft Presentence Report, seeking a four-level enhancement for "role in

5

the offense" pursuant to U.S.S.G. Sec. 3B1.1(a).  A copy of that response is attached hereto, marked as Exhibit "C".

The Probation Officer did not recommend the leadership enhancement sought by the government, claiming there was insufficient "corroboration" of statements by co-conspirator Luu that his actions were directed by the Defendant.  Addendum to the Presentence Report 2A.

At the sentencing hearing, the government argued that the voluminous documentary evidence and detailed factual basis for the offense conduct, as well as additional relevant conduct, all of which was reflected in paragraphs 53-112 of the Presentence Report, constituted overwhelming corroborative evidence of the Defendant's leadership role in the offense conduct, and warranted a "role in the offense" enhancement. Sentencing Transcript, pages 6-7, a copy of which is attached hereto, marked as Exhibit "D".

The Court adopted the factual statements contained in the Presentence Report.  Exhibit D, page 4, lines 22-23.  The Court correctly found, with substantial evidentiary support, that the application of the two-level enhancement for a leadership role in the offense was appropriate based on the facts as established by the Presentence Report without objection.  United States v. Ingham, 476 F.3d 706, 712 (9th Cir. 2007) ("The amended Presentence Report reinforces the finding that Ingham was the

organizer/leader . . . .  The district court rested these
conclusions on the undisputed factual basis of the conspiracy
recited in the Presentence Report").  For that reason, there was
no error pursuant to <u>Booker</u> in the application of the enhancement
for "role in the offense."

      B.    The Defendant Did Not Suffer from Ineffective
           Assistance of Counsel as Claimed in His Petition, or
           <u>Was Not Prejudiced as a Result</u>.

          1.    Standard for Evaluating Claims of Ineffective
              <u>Assistance of Counsel</u>.

To demonstrate ineffective assistance of counsel, a
defendant must show: (1) that his counsel's performance was
deficient; and (2) that the deficient performance prejudiced his
defense.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S. Ct.
2052, 80 L. Ed. 2d 674 (1984).  This test applies to challenges
to guilty pleas based on ineffective assistance of counsel
claims.  <u>Hill v. Lockhart</u>, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L.
Ed. 2d 203 (1985).

When considering an ineffective assistance of counsel
claim, "judicial scrutiny of counsel's performance must be highly
deferential" and courts "must indulge in a strong presumption
that counsel's conduct falls within the wide range of reasonable
professional assistance."  <u>Strickland</u>, 466 U.S. at 689.  "A fair
assessment of attorney performance requires that every effort be
made to eliminate the distorting effects of hindsight, to
reconstruct the circumstances of counsel's challenged conduct,

and to evaluate the conduct from counsel's perspective at the time." Id. The court must determine whether, in light of all circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 718.

        With respect to prejudice, it is not enough for a defendant to show that errors or omissions had some conceivable effect on the outcome of the proceeding. "He must show there is some reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

        Review of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation. United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir. 1993). Counsel need not be infallible or recognize and assert every possible defense and argument. Woratzeck v. Ricketts, 820 F.2d 1450, 1453 (9th Cir. 1987), vacated on other grounds, 859 F.2d 1559 (9th Cir. 1988). A decision to waive an issue where there is little or no likelihood of success, and concentrate on other issues is indicative of competence, not ineffectiveness. Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989).

     2.    The Defendant's Assertions Are Not Supported
          by Factual Allegations as to What His Counsel
          Did/did Not Do, and How the Defendant Was
          <u>Prejudiced as a Result</u>.

        a.    <u>Failure to Object to Trial Postponements</u>.

It is difficult for the government to fashion a meaningful response to the Defendant's claim of ineffective assistance of counsel with respect to his Speedy Trial Act rights, as the "allegation" set forth in the motion lacks any meaningful factual basis, and is a mere accusation that his counsel failed to object to the "government's postponement" of his trial in violation of the Speedy Trial Act. The claim fails to make any effort to calculate the running of the 70-day period provided under 18 U.S.C. § 3161, or to otherwise demonstrate how his rights thereunder were violated.

The Defendant was originally charged in a 27 count Indictment on August 25, 2004. Clerk's Record (CR) 1. The Defendant was arraigned and entered a plea of "not guilty" on August 26, 2004, and a trial was set for October 26, 2004. CR 7.

There were two stipulated continuances and a Superseding Indictment which ultimately resulted in a trial date of March 22, 2005. CR 21 and 28.

An 80-count Superseding Indictment was returned by a grand jury on March 9, 2005. CR 29. The Defendant was arraigned on the Superseding Indictment on March 11, 2005. CR 32. Counsel for the Defendant requested only a short period of time to review

9

the new charges, about which discovery had already been provided, and which were of a similar nature to the charges in the original Indictment.  Trial on the Superseding Indictment was set for March 22, 2005.  CR 32.  But the parties also requested a hearing date on an anticipated motion to withdraw the Defendant's not guilty plea, and to plead anew.  Id.

On March 18, 2005, the Defendant entered a guilty plea to 35 of the 80 counts in the Superseding Indictment, as well as two counts of a related Information.

Even assuming that the Defendant could allege with specificity a factual basis for his claim that his counsel was ineffective in safeguarding his Speedy Trial Act rights, any such claim would apply only to the 27 counts of the original Indictment.  The Defendant pled guilty to 37 counts of the Superseding Indictment, 32 of which were alleged for the first time in the Superseding Indictment filed only seven days prior to his pleading guilty.[1]

Where a defendant stipulates to the need for a continuance in order to prepare for trial, he "cannot maintain that these continuances give rise to a Speedy Trial Act violation.  United States v. Gallardo, 773 F.2d 1496, 1506 (9th

---

[1]  The Defendant pled guilty to Counts 9, 11, 12, 13, 16, 17, 20, 22, 27, 29, 30, 32, 34, 38, 40, 42, 44, 46, 48, 49, 50, 53, 54, 56, 57, 58, 59, 63, 68, 69, 71, 72, 75, 76, and 77 of the Superseding Indictment.  Of those, only Counts 38, 40, 42, 44, and 46 had been part of the Indictment filed on August 24, 2004.

Cir. 1985).

Even if the Defendant were able to make out a factual basis to claim that Mr. Weight failed to pursue a Speedy Trial Act remedy, and was ineffective in not doing so, the Defendant cannot satisfy the second prong of the Strickland test to show that he was prejudiced as a result.

The Defendant ultimately pled guilty to numerous counts for which there could be no Speedy Trial Act issue.  Further, because the defendant pled guilty to bank fraud and access device fraud, the counts were grouped for sentencing purposes.  The conduct underlying any counts that might have been subject to dismissal on Speedy Trial Act grounds, or those dismissed as part of the plea agreement, would have still be considered as "relevant conduct" under the guidelines, and the calculation of the Defendant's Adjusted Offense Level would not have changed.

To prevail on Strickland's prejudice prong, there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.  The Defendant's motion is silent with respect to any claim of prejudice that he suffered by any failure of Mr. Weight with respect to his Speedy Trial Act rights.  As noted above, any such failure to seek a remedy to which he might have

11

been entitled to under the Speedy Trial Act has not resulted in
any prejudice because the Defendant's sentence would have been
the same even if counts first raised in the original Indictment
had been dismissed under the Speedy Trial Act.  For this reason,
the motion for relief based on ineffective assistance of counsel
on this ground should be denied due to a lack of any showing of
prejudice.

           b.    <u>Failure to Object to Government's Discovery</u>.

        The government is not able to determine from the bare
allegation contained in the Defendant's motion what the factual
basis is for his claim that he suffered ineffective assistance of
counsel as a result of Mr. Weight's failure to "object" to
discovery.

        Further, the Defendant's motion makes no allegation as
to prejudice to himself, but rather refers to "spill-over of
criminal conduct" onto his wife/co-defendant, Anna Martin.

        Without a more detailed factual basis as to the nature
of Mr. Weight's deficient performance, as well as a claim of
prejudice suffered by the Defendant as a result, the government
cannot respond to this claim, and it should be summarily denied
as facially insufficient.

           c.    Failure to Request Discovery on
                <u>Co-Conspirator</u>.

        The government is not able to determine from the bare
allegation contained in the Defendant's motion what the factual

basis is for his claim that he suffered ineffective assistance of counsel as a result of Mr. Weight's failure to request discovery as to "Hung Chi Luu".

But, even the bare allegation made by the Defendant is clearly false on its face.  Discovery provided to the defense by the government catalogued joint criminal activity of the Defendant and Luu.  That information was set forth in exhaustive detail by the Probation Officer in the Presentence Report.

The Defendant admitted in his change of plea to participating in the joint criminal activity, as well as to criminal activity with his wife/co-defendant, and criminal activity in which he alone participated.

Further, the Defendant's motion makes no allegation as to what prejudice he may have suffered as a result of any failure by Mr. Weight to "object," even assuming such an "objection" would have served any meaningful purpose.

Without a more detailed factual basis as to the nature of Mr. Weight's deficient performance with respect to obtaining discovery concerning Mr. Luu, as well as an explanation of how the Defendant was allegedly prejudiced as a result of this failure, the government cannot respond further to this claim.

> d.   Failure to File Motions.

The motion by the Defendant sets forth a laundry list of motions not filed by his counsel, and claims he suffered

ineffective assistance of counsel as a result of that failure.

To show prejudice under <u>Strickland</u> from failure to file a motion, Defendant must show that (1) had his counsel filed the motion, it is reasonable that the trial court would have granted it as meritorious, and (2) had the motion been granted, it is reasonable that there would have been an outcome more favorable to the Defendant. <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 373-74, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986) (so stating with respect to failure to file a motion to suppress on Fourth Amendment grounds).

The Defendant's motion does not address either of these two prongs with respect to any of the motions for which he claims his counsel was ineffective in not pursuing.

While some of the motions certainly could have been filed (i.e., motion to suppress and motion for bill of particulars), the Defendant doesn't state how the outcome of the case would have been different had either such motion been successful.[2]

The other motions listed by the Defendant are either non-standard, or are dealt with elsewhere in this response. But, as to each of these motions, the Defendant leaves to the government and the Court the task of determining what they are,

---

[2] As noted in more detail in "III" below, the motion to suppress would not have been successful.

14

whether they would have been successful, and if so, how they might have altered the outcome of the case in a manner that might have benefitted him.

Because of the numerous deficiencies in this motion with respect to the claimed ineffective assistance in not filing pre-trial motions, the government requests that the motion for relief be denied on this ground.

e. Failure to Advise Defendant of Right to <u>Appeal</u>.

The Defendant contends that his counsel failed to advise him of his right to file a direct appeal of his sentence either at the time of his sentencing, or after his sentencing, claiming that the sentence imposed violated his rights under <u>Booker</u>.

But, as noted above, this claim is legally unsound. The plea agreement provided that the Defendant waived his right to appeal so long as the sentence imposed by the Court was within the guideline range of the Offense Level as determined by the Court to apply to the Defendant's conduct.

The only variable at issue is that the Court imposed two additional levels to the Offense Level calculation recommended in the Presentence Report in response to the government's motion for an enhancement for "role in the offense." The Court determined such an enhancement was appropriate under the facts as established by the Presentence Report, and

15

ultimately imposed a sentence within the guideline range for the offense level the Court determined to be appropriate.

Given this circumstance, the waiver of appeal rights in the plea agreement remains valid, and the Defendant did not have the right to appeal his sentence under <u>Booker</u>.  Thus, any failure by Mr. Weight to not advise the Defendant as to this nonexistent right to file a direct appeal was not ineffective assistance.

> f.    Failure to Consult with the Defendant
> <u>Regarding Court Documents</u>.

As set forth in the Declaration of Michael A. Weight, attached hereto, marked as Exhibit "E", the Defendant was provided  various court documents and discovery in the case with his counsel, both in person and by telephone.

The Defendant's motion for relief contains no allegation as to how he was prejudiced by his claim that Mr. Weight failed to consult with him in this regard – in fact, it provides no factual allegation as to any particular document that he claims Mr. Weight failed to review with him.

Because of the facial deficiency in this motion with respect to the claimed ineffective assistance in reviewing "court documents" with the Defendant, the government requests that the motion for relief on this ground be denied.

16

       g.    Failure to Bargain and Demand Government
            Adherence to Rules Governing Fair and Just
            <u>Bargaining</u>.

The government is not able to determine from the bare allegation contained in the Defendant's motion what the factual basis is for his claim that he suffered ineffective assistance of counsel, as a result of Mr. Weight's failure to demand that the government "adheres to the Rules governing adequate time frame for sound, fair and just bargaining."

There is no explanation of what these supposed "rules" include, where they originate, or how the Defendant was prejudiced by Mr. Weight's failure to force the government's compliance with them.

Because of the facial deficiency in this motion with respect to the claimed ineffective assistance by his counsel's failure to demand government compliance with rules of fair bargaining, the government requests that the motion for relief on this ground be denied.

       h.    Failure of Counsel to Devote Time to Meeting
            <u>and Speaking with Defendant</u>.

As noted in the Affidavit of Michael A. Weight, during the time the Defendant was detained in custody at FDC pending trial, the Defendant developed the habit of telephoning the Federal Defender's Office to speak with Mr. Weight several times a day.

Mr. Weight explained to the Defendant that if he – Mr. Weight – took the time to speak with each of his clients multiple times each day, Mr. Weight would be unable to adequately represent their interests in court, as he would spend his entire day, every day, on the telephone.  Mr. Weight told the Defendant that he would speak with the Defendant only one time each day – the same rule he had for all his clients while with the Federal Defender's Office.

The Defendant's motion does not make any allegation as to how he was prejudiced by the very reasonable limitation Mr. Weight put on their communications, and without establishing such prejudice the Defendant is not entitled to relief.

C.   The Defendant Has Waived by His Unconditional Guilty
     Plea Any Challenge to Non-Jurisdictional Errors or
     Defects in the Government's Case.

It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.  Tollett v. Henderson, 411 U.S. 258, 266-267, 93 S. Ct. 1602, 1607-1608, 36 L. Ed. 2d 235 (1973); North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 164, 27 L. Ed. 2d 162 (1970); and Parker v. North Carolina, 397 U.S. 790, 797-798, 90 S. Ct. 1458, 1462-1463, 25 L. Ed. 2d 785 (1970).

It is also well settled that plea agreements are consistent with the requirements of voluntariness and

18

intelligence because each side may obtain advantages when a
guilty plea is exchanged for sentencing concessions, the
agreement is no less voluntary than any other bargained-for
exchange.  Corbitt v. New Jersey, 439 U.S. 212, 219-220, 222-223,
99 S. Ct. 492, 497-498, 499, 58 L. Ed. 2d 466 (1978);
Bordenkircher v. Hayes, 434 U.S. 357, 363, 98 S. Ct. 663, 667, 54
L. Ed. 2d 604 (1978); Blackledge v. Allison, 431 U.S. 63, 71, 97
S. Ct. 1621, 1627, 52 L. Ed.2d 136 (1977); Santobello v. New
York, 404 U.S. 257, 260-261, 92 S. Ct. 495, 497-498, 30 L. Ed. 2d
427 (1971).  It is only when the consensual character of the plea
is called into question that the validity of a guilty plea may be
impaired.

        When a defendant enters a plea of guilty, he waives his
right to contest any non-jurisdictional errors or defects in the
case against him.  An unconditional guilty plea constitutes a
waiver of any challenge to all non-jurisdictional antecedent
rulings and cures all antecedent constitutional defects.  United
States v. Castillo, 464 F.3d 988, 989 (9th Cir. 2006); United
States v. Lopez-Armenta, 400 F.3d 1173, 1175 (9th Cir. 2005).

        When a criminal defendant has admitted that he is in
fact guilty of the offense with which he is charged, he may not
thereafter raise independent claims relating to the deprivation
of constitutional rights that occurred prior to the entry of the
guilty plea.  Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct.

19

1602, 36 L. Ed. 2d 235 (1973).  The Supreme Court clarified that

the holding in Tollett was not a simple issue of waiver of the

right to appeal but was based on the determination that:

> [A] counseled plea of guilty is an admission of
> factual guilt so reliable that, where voluntary
> and intelligent, it quite validly removes the
> issue of factual guilt from the case . . . [and]
> factual guilt is a sufficient basis for the
> State's imposition of punishment.  A guilty plea,
> therefore, simply renders irrelevant those
> constitutional violations not logically
> inconsistent with the valid establishment of
> factual guilt and which do not stand in the way of
> conviction, if factual guilt is validly
> established.

Id.

Each of the challenges raised by the Defendant to the

conduct of the government in this case constitutes an attack on

his plea agreement.  Because he cannot collaterally attack a

voluntary guilty plea, and his claims do not go to the issue of

voluntariness, all such claims should be denied.

1.   The Search of the Defendant's Residence Was
     Lawful.

Even if not waived, the warrantless search of the

Defendant's residence by the FBI was valid.

As the Defendant notes, the United States Secret

Service entered his residence pursuant to a valid search warrant

to look for evidence of wire fraud, mail fraud, bank fraud, and

related financial crimes.  Once inside, the Secret Service agents

discovered during the course of their lawful search approximately

20

177 video cassette recorders and other equipment and materials being used to duplicate large quantities of Asian language video cassette tapes.  Presentence Report, paragraphs 102-103.  The Secret Service solicited the assistance of the FBI in investigating what they believed was a large-scale copyright infringement activity.

As noted in the FBI 302 prepared by FBI Special Agent Anthony Pickard, the evidence of the suspected criminal violations of copyright laws was taken from "plain view."  A copy of that 302 is attached hereto, marked as Exhibit "F".

To satisfy the plain view doctrine: (1) the officer must be lawfully in the place where the seized item was in plain view; (2) the item's incriminating nature was immediately apparent; and (3) the officer had a lawful right of access to the object itself.  United States v. Wong, 334 F.3d 831, 838 (9th Cir. 2003)(citing Horton v. California, 496 U.S. 128, 136-37, 110 S. Ct. 2301, 110 L. Ed. 2d 112 (1990)(citations omitted)).

Here, it's not contested that the Secret Service was lawfully in the Defendant's residence pursuant to a valid search warrant when the large scale reproduction of video cassettes was discovered.  The incriminating nature of the evidence was immediately apparent – it's hard to conceive of an innocent explanation for having 177 VCRs running in one's residence, while at the same time having thousands of blank video cassettes for

21

making copies.  And, the agents had a lawful right to access the objects themselves as they were not behind any locked doors or otherwise hidden from view.

Therefore, the warrantless seizure of evidence by the FBI following the discovery of the videotape reproduction by the Secret Service, was valid under the "plain view" doctrine.

But, even if the search was illegal, the only evidence seized by the FBI was evidence of copyright infringement.  The copyright count to which the Defendant pled guilty was Count 10 of the Information.  As noted at paragraph 125 of the Presentence Report, Count 10 of the Information was not grouped with the other counts to which the Defendant pled guilty for purposes of determining his sentence.  When Count 10 was taken into consideration in the "Multiple-Count Adjustment" in paragraph 140 of the Presentence Report, because the offense level for Count 10 was only 14, it added 0 additional "Units" to the offense level computation.  In effect, there was no impact of the Defendant's sentence by his conviction for copyright infringement, thus the Defendant could not show any prejudice even if the search by the FBI had been ruled invalid, this evidence suppressed, and the Court charging copyright infringement dismissed.

2.    There Can Be No <u>Brady</u> Violation for Non-disclosure of Information of Which the Defendant Was Aware.

The Defendant claims the government did not disclose, and therefore suppressed, "material and favorable evidence" of

22

his prior efforts to assist law enforcement in matters unrelated to the crimes to which he pled guilty. The Defendant describes the failure by the government to disclose this evidence as a violation of its obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

Even assuming that evidence of the kind described by the Defendant in his motion was properly considered "<u>Brady</u>" material, the government's disclosure obligation under <u>Brady</u> does not extend to evidence which the defense already possesses. <u>United States v. Bracy</u>, 67 F.3d 1421, 1428-29 (9th Cir. 1995).

Since the "evidence" in question is "evidence" which the Defendant knew about (i.e., information concerning his claims of past assistance to law enforcement), nothing done by the government prevented this "evidence" from being presented to the Court before the Defendant's guilty plea or at the time of his sentencing.

     3.   The Defendant's Speedy Trial Act Rights Were Not
         <u>Violated</u>.

As noted above, the continuances of the Defendant's trial were made pursuant to stipulations between the government and the Defendant. Even if the Defendant contends that he was unaware of, or didn't agree to the exclusions of time necessary to prevent the running of the Speedy Trial Act, any such defect in the proceedings was waived by the Defendant's guilty plea. <u>United States v. Brickey</u>, 289 F.3d 1144, 1150 (9th Cir. 2002).

23

(Failure of the Defendant to move for dismissal prior to plea of guilty constitutes a waiver of the right to dismissal under the Speedy Trial Act).

III. <u>CONCLUSION</u>

Based on the foregoing, the government requests that the Court deny the Defendant's motion with respect to all issues.

DATED:  April 26, 2007, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By <u>/s/ William L. Shipley    </u>
    WILLIAM L. SHIPLEY
    Assistant U. S. Attorney

Attorneys for Respondent/Plaintiff
UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly served upon the following, by U.S. mail, postage prepaid, as set forth below:

Abraham Nguyen Martin
87158-022
Federal Prison Camp
3705 West Farm Road
Lompoc, CA  93436
Pro Se

DATED:  Honolulu, Hawaii, April 26, 2007.


/s/ Gloria Parker