IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV. NO. 06-00629 DAE-LEK |
| | ) | CR. NO. 04-00322 DAE |
| Plaintiff, | ) | CR. NO. 05-00049 DAE |
| | ) | |
| vs. | ) | |
| | ) | |
| ABRAHAM NGUYEN MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION
FOR PROTECTIVE ORDER AND DENYING DEFENDANT'S
MOTION TO REQUEST TIME SCHEDULE ORDER

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant Abraham Nguyen Martin's motions and the supporting memoranda, the Court DENIES Defendant's Motion for Protective Order and DENIES Defendant's Motion to Request Time Schedule Order.

BACKGROUND

On March 23, 2007, this Court issued an Order finding that Defendant had waived his attorney-client privilege by bringing a claim of ineffective assistance of counsel in his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). On April

6, 2007, this Court issued a Corrected Order, identifying both of Defendant's former counsels.  On April 2, 2007, Defendant, pro se, filed a Motion for Protective Order.  Defendant seeks an order stating that he has only waived his attorney-client privilege for purposes of litigating his habeas corpus action.  (Def.'s Mot. for Protective Order at 2.)  On April 4, 2007, Defendant, pro se, filed a Motion to Request Time Schedule ("Schedule Motion"), requesting a prompt hearing on his § 2255 Motion.  The United States has not filed a response to either motion.

## DISCUSSION

Defendant requests a Protective Order limiting the use of privileged attorney-client communications to his habeas corpus proceedings, and prohibiting the Government from using disclosed information for any other purpose or releasing such information to any other party.  (§ 2255 Motion at 2.)  Such an order is unnecessary, however, as the order finding waiver of his privilege states that it pertains only to matters raised in Defendant's § 2255 Motion.  Furthermore, given the Ninth Circuit's ruling in Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003), which established the narrow scope of the waiver of attorney-client privilege in habeas corpus complaints alleging ineffective assistance of counsel, there is no need for this Court to issue a protective order.  The narrow scope of Defendant's

waiver, i.e., limiting "the use of privileged communications to adjudicating the ineffective assistance of counsel claim," see id. at 716 (citation omitted), is undeniably required under Bittaker.  Since there is no question as to the limited scope of Defendant's waiver, a protective order is not necessary to protect Defendant's rights.

Defendant's Schedule Motion appears to request that the Court give notice to the United States Attorney of the § 2255 Motion.  (Def.'s Motion to Request Time Schedule Order at 1.)  The United States Attorney has been served with a copy of the § 2255 Motion, and thus further notice is not required..

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion for Protective Order and DENIES Defendant's Motion to Request Time Schedule Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 27, 2007.



_____
David Alan Ezra
United States District Judge

United States v. Martin, CV No. 06-00629 DAE-LEK, CR. NO. 04-0322 DAE, CR. NO. 05-00049 DAE; ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND DENYING DEFENDANT'S MOTION TO REQUEST TIME SCHEDULE ORDER