ORIGINAL

ABRAHAM MARTIN
87158-022
Federal Prison Camp
3705 West Farm Road
Lompoc, CA 93436

IN PRO SE APPELLANT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 20 2007

at __ o'clock and __ min __ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ABRAHAM NGUYEN MARTIN, ) | CV. NO. 06-00629 DAE-LEK |
| ) | CR. NO. 04-00322 DAE |
| Appellant, ) | CV. NO. 06-00632 DAE-LEK |
| ) | CR. NO. 05-00049 DAE |
| vs. ) | |
| ) | MOTION FOR CERTIFICATE OF |
| UNITED STATES OF AMERICA, ) | APPEALABILITY; MEMORANDUM; |
| ) | CERTIFICATE OF SERVICE |
| Appellee. ) | |

MOTION FOR CERTIFICATE OF APPEALABILITY

COMES NOW, Abraham Nguyen Martin, hereinafter "Martin", appellant in propria persona in the above-mentioned civil action, and hereby respectfully submits, in good faith, to this Honorable Court his Motion for Certificate of Appealability.

This motion is brought forward pursuant to 28 U.S.C.S. § 2253(c) and predicated upon the files and records of the criminal proceedings as well as appellant's Motion 2255 to Vacate, Set Aside, or Correct Sentence for a Person in Federal Custody, which was denied by this Court on August 16, 2007.

<u>MEMORANDUM IN SUPPORT OF MOTION</u>

Appellant Martin avers that the sentence imposed is in violation of the Constitution and the Law of the United States, which involved a fundamental defect causing a complete miscarriage of justice. Martin therefore has been facing a vindictive prosecution, an incompetent and betraying defense counsel, and a biased district court. The interests of justice have been impaired, and the integrity of the United States government has been smeared in this instant case.

Appellant Martin hereby incorporates all of his motions and pleadings in Motion 2255, records and files of both the criminal and civil proceedings into the following argument.

I.   <u>SYNOPSIS OF THE CASE</u>

A. CRIMINAL PROCEEDING:

1. Defendant Martin was charged with an initial 27-count Indictment (7 counts of which are **double-counting**). Martin pled 'not guilty'.

2. Without any lawful plea bargain, Martin was then charged with a 10-count Information. Martin pled 'not guilty'.

3. The prosecutor then threatened Martin with a retaliatory superseding indictment, and he did. The new 80-count Superseding Indictment contains **23** counts of **double-counting**. Defendant's plea was: 'not guilty to the first 8 counts of wire fraud (all Luu's) but would plead guilty to the remaining 72 counts, many of which are highly questionable and utilized to augment the defendant's offense.

4. Martin was then made to sign a "Consent to Rule 11 - Plea", along with his defense counsel.

5. Without any lawful plea bargaining, and under the advise of counsel, Martin entered into the unconstitutional "Plea Agreement"

under coercion.

6. At sentencing hearing, both the prosecution and the court **did not** adhere to the provisions of Rule 11. The district court had no regard for Supreme Court precedent(s) and the prosecutor breached the Plea Agreement by his own actions and behavior. The defense counsel failed to raise mitigating circumstances and to advise the defendant of his right to appeal.

7. Appellant Martin suffered **TWO** sentences (**Multiplicity of sentences**), as well as multiplicity, duplicity of counts, and double-counting.

8. Martin also suffered erroneous offense level calculations in the PSR, level 15 or less instead of level 21, due to incorrect and wrongful information supply by the prosecutor.

B. CIVIL PROCEEDING (MOTION 2255):

Petitioner Martin filed the following motions in the civil proceeding of the instant case:

1. Ex-Parte Motion by Indigent Defendant for Appointment of Counsel to Bring 28 USC § 2255 Motion

2. Motion under USC § 2255 to Vacate, Set Aside, or Correct Sentence for a Person in Federal Custody

3. Motion to request Ruling on Defendant's Previous Ex-Parte Motion for Appointment of Counsel

4. Defendant's Amendment to Motion under 28 USC § 2255 & Request for Modification of the Presentence Report

5. Defendant's second Motion to Request Ruling on Defendant's Previous Ex-Parte Motion for Appointment of Counsel

6. Motion for Protective Order with Respect to Waiver of Attorney-Client Privilege

7. Motion for Time Schedule Order

8. Motion for Application to Proceed in Forma Pauperis

9. Petitioner's Reply/Traverse to the Government's Response to Motion 2255

10. Motion for Proceeding Transcripts

11. Motion for Evidentiary Hearing

12. Petitioner's Supplementary Reply/Traverse to the Government's Supplement to its Response to Motion 2255

The district court denied all of the above Motions, except item (11) Motion for Evidentiary Hearing, with a Hearing date set for July 6, 2007 via video conference. The court then somehow changed its mind after granting the motion, being **inconsistent** with its **ruling**, stated **five days** later that "it would decide on the papers only, without holding the hearing as per the court "MINUTE ORDER". Moreover, the government filed on March 21, 2007 a Motion for Order Finding Waiver of Attorney-Client Privilege with Respect to Defendant's Motion 2255 but did not send it to the defendant on this date. **Two days** later, the court signed the "Order" (an erroneous one as submitted by the prosecutor), then both the government's motion and the court order were sent out to the defendant at the same time, which the defendant received on the same day. On April 10, 2007, upon the Declaration of Martin appended to his Motion for Protective Order, the court sent to the defendant a **Corrected** Order.

C. APPEAL TO THE COURT OF APPEALS:

Pursuant to 28 U.S.C. § 2253(c), appellant Martin has filed a "Notice of Appeal" timely, and a Motion to Proceed in Forma Pauperis. In denying granting a COA on September 6, 2007, the district court gave the appellant an opportunity to re-file a COA and Martin accepted. Martin therefore tries his best, in good faith, to officially file a motion for a COA to the district court as instructed.

## II. ISSUES OF APPEAL

Appellant Martin is hereby, pursuant to 28 U.S.C. § 2253(c), presenting his issues of appeal as follows:

A. DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL:

1. Mr. Micheal Weight, federal public defender, was provided to Martin as a circumvention of the law only, since he was too overwhelmed with 60 cases to render any effective assistance at all.

2. Defense counsel acquiesed and even was in conspiracy with the prosecutor to coerce Martin into pleading guilty to a totally unconstitutional plea agreement.

3. Defense counsel has turned out to be a prevaricator and a traitor, going against the interests of the defendant.

B. VINDICTIVE PROSECUTION AND CONVICTION:

1. Denial of the Speedy Trial Act.

2. Denial of plea bargaining and violation of Rule 11.

3. Unconstitutional plea agreement, violation of Rule 11.

4. Multiplicity, duplicity and double-counting in the Indictment and Superseding Indictment.

5. Multiplicity of sentences.

6. Fabrication of evidence.

7. Deception in providing incorrect and **unjudicial** information to the Probation Officer to calculate the offense level based on 90 guilty counts (par. 180, page 47: " ... Had the defendant been convicted of **all counts** as charged in the Superseding Indictment and Information, there would be **no impact** on the offense level because all relevant factors have been considered in the guideline computations." )

8. Concealment of evidence favorable to the defense.

9. The prosecutor is a prevaricator, verbally and on paper, and was in conspiracy with Martin's defense lawyer to augment the defendant's offense, for his exercising a constitutional right to plead 'not guilty' three (3) times. They also entrapped and coerced Martin into pleading guilty to such an unconstitutionally evil plea agreement.

C. EXCESSIVE SENTENCE:

1. As demonstrated in defendant's Amendment to Motion 2255, a more correct adjusted offense level is 15 or less, or 24 to 30 months. A 70-month sentence for approximately $80,000 of actual loss is clearly grossly excessive, and a violation of the Eighth Amendment.

2. A 2-level **enhancement** for ring leadership role, <u>determined by the court</u> based on incorrect information is a violation of **Booker/Blakely/Ameline.**

3. The 70-month sentence for an actual loss of $80,000 is excessive, compared with **United States v. Cerizo** (Hawaii 2005), Johnny Cerizo along with his wife, in a scheme and artifice to defraud, held an investment class on Maui, Hawaii. They were successful in deceiving a large number of people (80 ?) into giving them money. The total amount of funds collected from these investors was approximately 7,500,000.00. Mr. Cerizo, a solf-spoken man, always carried a bible and acted like a religious person to win people's confidence. Mr. Cerizo and his wife then fled to the Philippines to hide out, concealing this "huge" and easy "catch" in proper clandestine locations. They lived like King and Queen         , then were picked up by the FBI some two years later. Mrs. Cerizo was 100% involved in the scheme and artifice to defraud, but was NOT indicted. Mr. Cerizo himself received only a 57-month sentence. Another crimnal case, **United States v. Rumbargh** (Hawaii 2005), Mr. Tony Rumbargh received a 36-month sentence in a drug conspiracy case with two other co-defendants, thanks to retained counsel, at the cost of $36,000 or thereabout.
In a most recent case, **United States v. .... (FBI secretary),** involving theft of classified material, breach of security and conspiracy in drug trafficking and illegal gambling, the defendant received a sentence of only 4 months, instead of 5 to 10 years.

D. PREJUDICIAL DISTRICT COURT:

1. The district court did not raise any questions on the prosecutor's vindictiveness and unjudicial conviction.

2. The district court never raised any questions whether a fair and just plea bargaining took place.

3. The judge failed to address the defendant, at sentencing, as to whether the latter entered his plea agreement VOLUNTARILY, INTELLIGENTLY; and especially whether the latter understood the CONSEQUENCES of the plea, as required by his legal duty.

4. The judge failed to question the defendant personally as to how the latter committed the crime, as required by his legal duty and the law.

5. The district/ court is repulsive to the truth or true facts if these were raised by the defendant in his/**her** own theory of defense.

- 6 -

6. The district court appeared to favor the government in the entire criminal and civil proceedings, and relied on its incorrect and exasperated information in sentencing the defendant.

7. The district court erred in engaging in too many assumptions and presumptions regarding the [e]xtensive nature of the offense, without knowing that Martin was directed by Luu to open various accounts on the U.S. mainland which had been Luu's criminal territorial domain. Luu was the master criminal and ring leader.

8. The district court failed to identify and/or question the peculiarity of the unconstitutional plea agreement and the gross errors in the PSR, which caused a miscarriage of justice.

9. The district court erred in enhancing the defendant by 2 levels for leadership role, without any concrete evidence, and the enhancement was not in the Superseding Indictment, found guilty by the jury beyond a reasonable doubt, or admitted by the defendant.

10. The district court granted a government's motion in **2 (two) days**, signed the Order before the motion was even mailed out to the defendant. The defendant was **ergo** denied an opportunity to answer the motion. Ironically, the court signed a **erroneous Order**.

11. The district court granted the defendant his Motion for Evidentiary Hearing on June 27, 2007, setting a date of July 06, 2007 for a video conference. The court then changed its mind on July 03, 2007, stating that it would decide on the "papers only" without holding a hearing. The court therefore avoided ordering the government to produce the demanded documents and denied the defendant **due process** of the basic sort.

12. The language and the tone of the district court's Order(s) seem to follow the footsteps of the government's pleadings, which is clear sign of **"Birds of the same feather flock together"**.

13. Last but not least, the district court judge, at the sentencing hearing of the co-defendant, Anna Martin, displayed a highly questionable composure. He seemed to be angry, declaring in open court that he was "VERY IRRITATED" just because Mrs. Martin, a disadvanatged minority group woman without much education and knowledge of the law, told the truth in her letter to the judge (October 24, 2005)

E. UNCONSTITUTIONAL SEARCH AND SEIZURE:

1. The USSS Joseph Roberts obtained a 'Search Warrant' based on unprobable cause, and strictly lies and slanderous accusations of Luu, an FBI informant. He failed to complete "Execution and Return", as required by law.

2. Then the FBI, without a valid search warrant, entered the defendant's premises, chased everybody out, and performed a so-called legalized pillage. Since the FBI agents were ignorant with respect to VHS tapes, they took all the original tapes and called them bootleg. The defendant had only 150 VHS recycled tapes but somehow the FBI indicated a total of 1,500 tapes. This is a clear violation of the Fourth Amendment.

IN SUMMARY, the above-mentioned grounds are shown to be violations of the Constitution, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments.

## III. CONCLUSION

For all of the foregoing reasons, Appellant Martin hereby respectfully requests this Honorable Court to grant him a COA, or in the alternative, reconsider its denied ORDER of Martin's Motion 2255 and grant him the sought-after relief, or any other relief the court deems just and proper.

DATED: Lompoc, California, September 18th, 2007

_____
Abraham Martin
Appellant Pro Se

CERTIFICATE OF SERVICE

I, the undersigned, hereby declare that a true copy of the foregoing document has been sent, via U.S. mail, postage-prepaid, to the following party at his last known address:

>   WILLIAM L. SHIPLEY
>   Assistant U.S. Attorney
>   300 Ala Moana Blvd. Room 6-100
>   Honolulu, HI 96850

Attorney for the United States of America by handing the envelope to a Bureau of Prison Officer in charge legal mail at the Lompoc Federal Prison Camp, California.

DATED: Lompoc, California this 18th September 2007

Abraham Martin