

ORIGINAL

ABRAHAM MARTIN
87158-022
Federal Prison Camp
3705 West Farm Road
Lompoc, CA 93436

IN PRO SE APPELLANT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 24 2007

at __ o'clock and __ min. __ M.
SUE BEITIA, CLERK


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ABRAHAM NGUYEN MARTIN, | ) CV. NO. 06-00629 DAE-LEK |
| | ) CR. NO. 04-00322 DAE |
| Appellant, | ) CV. NO. 06-00632 DAE-LEK |
| | ) |
| vs. | ) APPELLANT'S SUPPLEMENT TO |
| | ) MOTION FOR CERTIFICATE OF |
| UNITED STATES OF AMERICA, | ) APPEALABILITY; |
| | ) CERTIFICATE OF SERVICE |
| Appellee. | ) |

APPELLANT'S SUPPLEMENT TO MOTION FOR
CERTIFICATE OF APPEALABILITY

COMES NOW, Abraham Martin, Appellant in Pro Per in the above-mentioned civil action, hereinafter "Martin", and hereby respectfully submits his Supplement to the Motion for Certificate of Appealability (COA) pursuant to 28 U.S.C.S. § 2253(c).

This Supplement is based on Rule 15(d) of the Federal Civil Judicial Procedure and Rules, and predicated on the files and records of both the criminal and civil proceedings of this instant case, and to fill in a missing factor necessary to understand the overall picture of the case, which has been either ignored or overlooked till this very date.

## MITIGATING CIRCUMSTANCES

"Mitigating Circumstance", as defined in Black's Law Dictionary, means, inter alia, "A fact or situation that does not bear on the question of a defendant's guilt but that is considered by the court in imposing punishment and especially in lessening the severity of a sentence. A court's or jury's power to consider mitigating circumstances cannot be limited by statute. See **Lockett v. Ohio**, 438 U.S. 586, 606, 98 S.Ct. 2954, 2965 (1978)." As such, failure to present 'mitigating evidence' on the part of defense counsel during sentencing constituted ineffective assistance. See **Williams v. Taylor**, 529 U.S. 362, 146 L.Ed.2d 389, 120 S.Ct. 1495 (2000). **Strickland v. Washington**, 466 U.S. 668, 80 L.Ed.2d 674.

1. Pursuant to 18 U.S.C.S §§ 3582(a) and 3553(a)(1), "The court shall impose a sentence sufficient, but not greater than necessary, ......" " and " ... shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." As pointed out earlier, Martin was entrapped by Luu into committing the charged offense. approximately within a period of 6 to 7 months, July 2002 to January 2003. He introduced FBI special agent Sam Mum in or about June 2002 who requested Martin to assist the authority to retrieve the "secret file" stolen in Waimea Beach earlier that year. Luu also told Martin that he was also protected by the FBI just like Luu. In **United States v. Mitchell**, 915 F.2d 521 (9th Cir. 1990), the court held: "When undercover agents or informers engineer and direct criminal enterprise from start to finish, due process prevents conviction of even predisposed defendant."

Martin is now over 64 years old, and has been suffering from injuries sustained in 3 car accidents in 2002 and 2003. He is

- 2 -

a family man; having wife, one daughter and one son. He is also a religious person, a Catholic, attending mass on a regular basis, and providing assistance to the disadvantaged minority-group citizens whenever he has a chance to do so. Martin is also a professional in construction and home consulting. As a general contractor in engineering and building, he has contributed towards the construction upgrade in the State of Hawaii, and has performed a variety of projects for the U.S. Armed Forces at Hickam, Pearl Harbor, Wheeler Air Force, Schofield Barracks, Fort Shafter and Waipio Peninsula; as well as miscellaneous projects for the City and County of Honolulu and State of Hawaii. Martin has been working hard all his life, devoting his skill and talent to the improvement of trade techniques, and efficient work methods. Moreover, Martin is a good-natured and good-hearted person, always lending a hand to the unfortunate. His father was one of the first industrialists of Vietnam, and founders of the Vietnamese Boy-Scouts Movement, back in 1940-1960. Mr. Nguyen Van Lien, the defendant's father, received 6 medals of honor from Emperor Bao Dai for his philanthropic endeavors during the French's rule of Vietnam.

    2. Model inmate: While being detained at the FDC Honolulu from August 26, 2004 to April 18, 2005, Martin proved himself to be a model inmate. He helped other inmates with the English language ( somewhat ironically since Martin is Vietnamese) in letter writing, simple legal documents such as power-of-attorney, consignment, sales agreement, etc ... using commercial samples ... He taught mathematics to inmates preparing for GED tests. Since self-surrender to the FPC at Lompoc, Martin has done his best at all job assignments by the BOP and has helped out any inmates who request Martin's assistance.

3. Extraordinary circumstances: Rule 60(b) of the Federal Rules of Civil Procedure states: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore demonstrated intrinsic or extrinsic); misrepresentation; or other misconduct of an adverse party; ...... or (6) any other reason justifying relief from the operation of the judgment. Reasons (3) and (6) are, arguendo, more pertinent to the defendant's instant case.

a) Martin has shown abundantly that the prosecutor is a prevaricator who exercised misconduct in his prosecution and conviction: multiplicity, duplicity of counts; double-counting; imposition of wire fraud counts on Martin; violation of due process, equal protection, double jeopardy, plea agreement; fabrication of evidence; deceptive techniques; prevarications; use of perjured statements; etc .... to name a few.

b) Martin suffered from a defense lawyer who was both incompetent and unloyal. He did practically nothing for the defendant's defense. He acquiesced completely in the government's vindictive and evil prosecution. In the end, he betrayed the defendant then prevaricated to cover up his own guilt.

c) It is well established, however, that a "proper case" for Rule 60(b)(6) relief is only one of "extraordinary circumstances," **Ackermann v. United States**, 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950); or "extreme hardship," **United States v. Kar-**

ahalias, supra, 205 F.2d at 333 (citing **United States v. Cirami**, 563 F.2d 26 (1977) (citations omitted). Post-Booker, extraordinary family circumstances remain good grounds for sentences substantially lower than the advisory guideline range. This scenario will be discussed in the following section.

4. Extraordinary family circumstances: In **United States v. Hussein**, 478 F.3d 318 (6th Cir. 2007), the Sixth Circuit affirmed a sentence of one day's imprisonment, plus three years' supervised release, where the advisory guideline range was 37-46 months. The Court of Appeals found that there were sufficient facts to support the district court's finding that the defendant's assistance at home to care for her invalid father was "irreplaceable." The Court held that the fact that there were other potential sources of care did not make the sentence unreasonable. In this instant case, Martin's wife was brutally sent to prison to serve the maximum end of the guideline range of 16 months while she had been suffering from diabetes type I. Her savior, the insulin pump which she had been carrying on her due to extraordinarily irregular blood sugar count, was removed from her upon entering the FDC Honolulu. The district court, having failed to obtain her medical conditions by a medical expert, also failed to order the U.S. Marshall to transport her directly to Carswell Medical Center. It took 3 1/2 months (one month at the FDC Honolulu, two months at the San Bernadino California State Jail, then the last 2 weeks at Oklohama Transfer Instiution). Mrs. Anna Martin could have died during this brutal transit on the way to her confinement destination. At Carswell, due to the mediocre medical staff of the BOP, she underwent some fifteen seizures. After released from prison on November 13, 2006,

Mrs. Martin also "passed out" two times, during the two weeks she was at the halfway house in Honolulu, and was taken to St. Francis Hospital Emergency Room. Mrs. Martin has suffered severe damages due to incarceration. The usual treatment by Dr. Bornemann was interrupted, causing a breakdown in her medical conditions. The damages have taken their toll. On August 31, 2007, Mrs. Martin was taken to Queen's Medical Center Emergency Room. She was diagnosed to have kidney infection. Her health has been failing, worsening than before. Appellant Martin has been praying for his wife daily, asking God and Virgin Mary to protect her. He wished the District Court in Hawaii would be lenient enough to reduce his sentence so that he would be able to take care of his sick wife, since at the present time, she has no one to take care of her at all, especially during the night. Martin's son and daughter both have to work to support the family and pay bills during this brutal predicament.

## CONCLUSION

For all of the above mitigating circumstances, Appellant Martin prays that this Honorable Court grant him a COA, or in the alternative, reconsider the Order denying his Motion 2255 and grant him the sought-after relief, or any other relief the Court deems just and proper.

DATED: Lompoc, California, this September 21, 2007
Respectfully submitted,

Abraham Martin
Appellant in Pro Per

## CERTIFICATE OF SERVICE

I, the undersigned, hereby declare that a true copy of the foregoing document has been sent, via U.S. Mail, postage-prepaid, to the following party at his last known address:

> William L. Shipley
> Assistant U.S. Attorney
> 300 Ala Moana Blvd., Room 6-100
> Honolulu, HI  96850
>
> Attorney for the United States of America

by handing the envelope to a Bureau of Prisons Officer in charge of legal mail at the Lompoc Federal Prison Camp, California.

DATED: Lompoc, California this September 21st, 2007

Abraham Martin