IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV. NO. 06-00629 DAE-LEK |
| | ) | CR. NO. 04-00322 DAE |
| Respondent-Appellee, | ) | CV. NO. 06-00632 DAE-LEK |
| | ) | CR. NO. 05-00049 DAE |
| vs. | ) | |
| | ) | |
| ABRAHAM NGUYEN MARTIN, | ) | |
| | ) | |
| Petitioner-Appellant. | ) | |
| _____ | ) | |

ORDER DENYING PETITIONER'S REQUEST
FOR CERTIFICATE OF APPEALABILITY

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Petitioner's motion and the supporting and opposing memoranda, the Court DENIES Petitioner's Request for Certificate of Appealability.

BACKGROUND

On August 25, 2004, Petitioner Abraham Martin ("Petitioner") was initially indicted with wire fraud, bank fraud, aiding and abetting, access device fraud, mail theft, conspiracy to commit copyright infringement, and copyright infringement. On March 9, 2005, an 80-count Superseding Indictment was returned, charging Petitioner with conspiracy, wire fraud, mail fraud, bank fraud,

access to device fraud, mail theft, and copyright infringement. Pursuant to the Plea

Agreement entered on March 18, 2005, Petitioner pled guilty to Counts 9, 11, 12,

13, 16, 17, 20, 22, 27, 29, 30, 32, 34, 38, 40, 42, 44, 46, 48, 49, 50, 53, 54, 56, 57,

58, 59, 63, 68, 69, 71, 72, 75, 76, and 77 of the Superseding Indictment and Counts

9 and 10 of the Information. In exchange for Petitioner's guilty pleas, the

government agreed to dismiss the remaining counts in the Superseding Indictment

and Information after Petitioner's sentencing. Petitioner was sentenced on

December 5, 2005, to 70 months of imprisonment. On August 24, 2006, the Ninth

Circuit affirmed Petitioner's conviction and sentence upon Petitioner's appeal.

On November 24, 2006, Petitioner, Pro Se, filed a Motion pursuant to

28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence based on claims of

excessive sentence, ineffective assistance of counsel, unconstitutional search and

seizure, failure to disclose favorable evidence, and defendant's assistance to the

government, denial of a speedy trial, and no bargaining time given with respect to

the Plea Agreement ("§ 2255 Motion"). On July 16, 2007, this Court denied

Petitioner's § 2255 Motion.

On August 28, 2007, Petitioner, Pro Se, filed a Notice of Appeal from

the order denying his § 2255 Motion, which this Court construed as a Request for a

Certificate of Appealability ("COA"). This Court denied Petitioner's COA without

prejudice based on a lack of supporting argument.  This Court gave Petitioner an

opportunity to re-file a COA, requesting Petitioner to specify the issues that he

seeks to appeal, and the arguments that he wished to make in support of his appeal.

On September 20, 2007, Petitioner, Pro Se, filed a Motion for COA.

On September 24, 2007, Petitioner filed a Supplement to Motion for COA.  In

Petitioner's instant motion, Petitioner claims that the sentence imposed upon him is

in violation of his constitutional rights under the Fourth, Fifth, Sixth, Eighth, and

Fourteenth Amendments, and that "he has been facing a vindictive prosecution, an

incompetent and betraying defense counsel, and a biased district court."  Petitioner

alleges that he was threatened by the prosecutor with a retaliatory 80-count

Superseding Indictment, which included 23 counts of alleged "double-counting."

In addition, Petitioner contends that he was forced to sign the Plea Agreement

without any lawful plea bargaining by his defense counsel.  As a result, Petitioner

alleges that he suffered two sentences, as well as "multiplicity, duplicity of counts,

and double-counting."  Petitioner further alleges that the prosecutor concealed

evidence favorable to Petitioner's defense, conspired with Petitioner's defense

counsel to prevent Petitioner from exercising his constitutional right to plead not

guilty three times, and entrapped and coerced Petitioner into pleading guilty

pursuant to the Plea Agreement.

Petitioner claims that this Court was prejudicial because this Court did not raise any questions regarding the prosecutor's "vindictiveness and unjudicial conviction." Furthermore, Petitioner alleges that this Court is repulsive to the truth, appeared to favor the government in the entire criminal and civil proceedings, and engaged in too many assumptions and presumptions regarding the extensive nature of the offenses.

In Petitioner's supplement to this instant motion, Petitioner requests that his sentence be mitigated pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1), and under the Federal Rules of Civil Procedure 60(b)(6) ("Rule 60") for extraordinary circumstances. Petitioner alleges that he was entrapped by his co-defendant Luu into committing the instant offenses. Petitioner also claims that he is 64 years old, suffers from injuries sustained in three car accidents, is a family man, a model inmate, and was a professional before his incarceration. In addition, Petitioner asserts that his sick wife needs his care and support. Petitioner further alleges that his defense counsel was incompetent, disloyal, and did nothing for Petitioner's defense, conspired in the government's vindictive and evil prosecution against Petitioner, and betrayed Petitioner in the end.

4

<u>STANDARD OF REVIEW</u>

Upon the filing of a certificate of appealability ("COA"), the district court shall indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted.  <u>United States v. Asrar</u>, 116 F.3d 1268, 1270 (9th Cir. 1997) (citing 28 U.S.C. § 2253(c)(3)).  A petitioner specifically must request a COA as to each issue that he or she wishes to appeal, and a court may not consider on appeal any issue not specified in a COA.  <u>See</u> <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1103 (9th Cir. 1999) (citing 28 U.S.C. § 2253(c)).  To obtain a COA, a petitioner must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253 (c)(2).  The "substantial showing" requirement for a COA is "relatively low." <u>Jennings v. Woodford</u>, 290 F.3d 1006, 1010 (9th Cir. 2002).  The requirement is satisfied when the "petitioner can 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [differently]; or that the questions are adequate to deserve encouragement to proceed further.'"  <u>Id.</u> (citation omitted); <u>see</u> <u>also</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 483 (2000).  The court must resolve doubts about the propriety of a COA in the petitioner's favor.  <u>Jennings</u>, 290 F.3d at 1010.

5

DISCUSSION

In this instant motion, Petitioner has basically raised three issues.

Petitioner raises impermissible double-counting and extraordinary circumstances

arguments, which he claims warrant a reduction of his 70-month imprisonment

pursuant to §§ 3582(a) and 3553(a)(1), and under Rule 60.  Petitioner also raises

ineffective assistance of counsel.

A.    Double-Counting

Although unclear, it appears that Petitioner claims that he suffered two

sentences as a result of double-counting for the same alleged conduct.  "[D]ouble

counting occurs when identical conduct is described in two different ways so that

two different [sentencing] adjustments apply."  United States v. Haines, 32 F.3d

290, 293 (7th Cir. 1994).  "[I]mpermissible double counting occurs if a guideline

provision is used to increase punishment on account of a kind of harm already fully

accounted for, though not when the same course of conduct results in two different

types of harm or wrongs at two different times."  United States v. Calozza, 125

F.3d  687, 691 (9th Cir. 1997).

Petitioner alleges that he was threatened by the prosecutor with a

retaliatory 80-count Superseding Indictment, 23 counts of which he alleges were

impermissible double-counting.  Petitioner, however, has failed to specify which

6

counts of the 80-count Indictment were impermissibly double-counted against him,

and which counts allegedly caused him to suffer two sentences as a result of the

alleged double-counting. Petitioner essentially has made conclusory remarks

without any valid arguments or supporting facts. Petitioner has failed to show

which of the alleged 23 counts were double-counted against him, suggesting that

he was essentially punished twice for the same offense. Notwithstanding

Petitioner's failure, paragraphs 78 and 79 of the Presentence Investigation Report

demonstrate that each count to which Petitioner pled guilty was based on a separate

transaction and separate conduct. For example, Petitioner engaged in transactions

that involved different dates, with different financial institutions, and for different

monetary amounts. (Presentence Investigation Rpt. at 22-26 ¶¶ 78-79.)

Accordingly, as Petitioner was not punished twice for the same conduct, there was

no double-counting in his sentence.

      Petitioner has also failed to show that the prosecution was prejudicial

and vindictive against him. Petitioner only makes mere accusations and gripes.

Petitioner has not brought forth supporting arguments to his claims that the

prosecution concealed evidence favorable to his defense, in addition to the alleged

conspiracy theory which involved his defense counsel. Similarly, Petitioner has

failed to demonstrate that this Court was biased towards the government, or has

committed clear error in imposing his sentence.  For these reasons, Petitioner's

request for a COA fails.

B.    Mitigation Pursuant to Sections 3582 and 3353

Petitioner next argues that his sentence should be mitigated pursuant

to section 3582.  Section 3582 provides that a court shall "consider the factors set

forth in section 3553(a) to the extent that they are applicable" to determine whether

"imprisonment is not an appropriate means of promoting correction or

rehabilitation."  18 U.S.C. § 3582(a).  Petitioner contends that his sentence

warrants a reduction pursuant to section 3553, which provides that the court "shall

impose a sentence sufficient, but not greater than necessary, to comply with the

purposes set forth in paragraph (2)."  18 U.S.C. § 3553(a).  In determining the

particular sentence to be imposed, paragraph (2) sets forth the following factors to

be considered:

> (A) to reflect the seriousness of the offense, to promote
> respect for the law, and to provide just punishment for
> the offense; (B) to afford adequate deterrence to
> criminal conduct; (C) to protect the public from further
> crimes of the defendant; and (D) to provide the
> defendant with needed educational or vocational
> training, medical care, or other correctional treatment
> in the most effective manner.

18 U.S.C. § 3553(a)(2)(A-D); see also United States v. Booker, 543 U.S. 220, 222 (2005).

Petitioner alleges that he was entrapped by his co-defendant Luu into committing the instant offenses.  Petitioner appears to claim that Luu introduced FBI special agent Sam Mum to Petitioner around June 2002, and Mum requested that Petitioner assist him in retrieving a "secret file" stolen in Waimea Beach earlier that year.  Petitioner alleges that Luu told him he was "protected by the FBI just like Luu."  (Pet.'s Supplement Mot. for COA at 2.)

In addition, Petitioner argues that his sentence should be reduced because he is now 64 years old and has been suffering from injuries sustained in three car accidents in 2002 and 2003, he is a family man, a religious person who provides assistance to the disadvantaged minority groups, and a professional in construction and home consulting.  (Id. at 2-3.)  Furthermore, Petitioner asserts that he has been a model inmate since his detainment at the Federal Detention Center, assisting other inmates while he was there, and he continues to assist any inmate who requests his assistance at the Bureau of Prisons where he is currently incarcerated.  Id.

Even though Petitioner paints a rosy picture of himself, his Presentence Investigation Report demonstrates the gravity of his offenses, such

9

that even if these alleged mitigating factors existed, they are not a basis for a

reduction of his sentence.  For example, there are no mitigating factors identified in

the Presentence Investigation Report.  On the other hand, aggravating factors

demonstrate the extent and seriousness of his offenses.  In particular, Petitioner's

commission of the instant offenses occurred less than two years after his release

from confinement on a federal tax conviction, which suggests that he did not

benefit from his prior confinement, and therefore, poses a risk of recidivism.

(Presentence Investigation Rpt. at 6R-7R.)  In addition, Petitioner's current

steadfast assertion that he was entrapped into committing the crime by his co-

defendant Luu demonstrates that he does not accept responsibility for his crimes.

Id.  Finally, Petitioner's criminal activity was extensive, spanning a period between

late 2001 to February 2003, and wreaked financial havoc on the lives of innocent

people.  Id.  Accordingly, this Court denies Petitioner's request for mitigation,

based on the seriousness and extensiveness of his offenses, his denial of

responsibility for his crimes, and his risk of recidivism.

C.    Mitigation under Rule 60 Extraordinary Circumstances

Petitioner further claims that extraordinary family circumstances

warrant a sentence below the advisory guideline range under Rule 60, which

provides that the court may "grant relief from judgment for any other reason

10

justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6).

According to the United States Sentencing Guidelines ("U.S.S.G."), however,

departure for family circumstances is a discouraged factor and is only proper in

"exceptional" cases.  See U.S.S.G. § 5h1.6; U.S.S.G., ch. 5, pt. H, introductory

cmt; U.S.S.G. § 5K2.0, policy stmt; Koon v. United States, 518 U.S. 81, 96 (1996)

(noting that a district court should depart based on a discouraged factor only if the

factor is present to an exceptional degree or in some other way makes the case

different from the ordinary case where the factor is present) (internal quotation

marks and citation omitted).  In addition, U.S.S.G. § 5H1.6 provides guidance by

requiring the presence of four circumstances before a determination of

extraordinariness may be made:

> (i) The defendant's service of a sentence within the
> applicable guideline range will cause a substantial,
> direct, and specific loss of essential caretaking, or
> essential financial support, to the defendant's family.
> (ii) The loss of caretaking or financial support
> substantially exceeds the harm ordinarily incident
> to incarceration for a similarly situated defendant.
> For example, the fact that the defendant's family
> might incur some degree of financial hardship or
> suffer to some extent from the absence of a parent
> through incarceration is not in itself sufficient as a
> basis for departure because such hardship or suffering
> is of a sort ordinarily incident to incarceration.
> (iii) The loss of caretaking or financial support is one
> for which no effective remedial or ameliorative

11

programs are available, making the defendant's
caretaking or financial support irreplaceable to the
defendant's family.
(iv) The departure effectively will address the loss
of caretaking or financial support.

U.S.S.G. § 5H1.6, cmt. 1 pt. (B).

Petitioner prays that this Court will reduce his 70-month

imprisonment in order to take care of his sick wife Anna, who allegedly suffers

from diabetes type I, and who allegedly has no one to care for her, especially at

night. Petitioner asserts that his wife almost died while she was incarcerated, and

has suffered severe damages due to her incarceration. Petitioner alleges that his

wife has been diagnosed with a kidney infection and as a consequence, her health

has been failing. Petitioner cites United States v. Husein, 478 F.3d 318 (6th Cir.

2007) in support of this instant motion.

In Husein, the court affirmed the district court's noncustodial sentence

of three years of supervised release, which included an initial term of 270 months

home confinement, and a one-day term of custodial imprisonment based on the

defendant's "irreplaceability" to her family, especially to her invalid father.

Husein, 478 F.3d at 322-23. The defendant in Husein alleged that her father was

totally incapacitated due to the effects of several strokes he suffered and needed

around-the-clock care, which she provided to him, in addition to financial and moral support to her three younger siblings. Id.

Petitioner's circumstances, however, are distinguishable from the defendant in Husein because Husein, unlike Petitioner, was responsible for her father's physical and medical care and for fifty percent of the financial support to the family prior to her confinement. In addition, the defendant in Husein was the only member of the family with a valid driver's license and was responsible for performing all the functions that require an automobile, including transporting her siblings to and from school. Unlike the defendant's father in Husein, Petitioner's wife allegedly has been and is continually receiving ongoing medical care, and financial assistance from her two grown children. Petitioner has not demonstrated that his wife's situation requires his constant care and support at all times. Petitioner has two adult children who allegedly work to support the family and help pay the bills, which suggests that Petitioner's wife presently has the necessary assistance. Therefore, it appears that Petitioner's incarceration has not caused substantial hardship, specific loss of essential caretaking, or loss of essential financial support to his wife. Furthermore, this is the sort of hardship that family members ordinarily suffer incident to a family member's incarceration. Petitioner has not provided evidence that his incarceration has caused extraordinary hardship

13

and suffering, and therefore makes him "irreplaceable" to his wife for her continual care and support. Accordingly, this Court DENIES Petitioner's request for a COA on these grounds.

D.     Ineffective Assistance of Counsel

Petitioner alleges that his defense counsel "was too overwhelmed with 60 cases to render any effective assistance at all," his defense counsel "conspired with the prosecution to coerce Petitioner into pleading guilty to a totally unconstitutional Plea Agreement," and his defense counsel is a "traitor." (Pet.'s Mot. for COA at 5.) Petitioner has essentially raised the same arguments here as in his § 2255 Motion. Petitioner's claim fails for the reasons set forth in this Court's order denying Petitioner's § 2255 Motion. Here, Petitioner again has failed to provide any factual arguments to establish that his defense counsel conspired with the prosecution in allegedly forcing Petitioner to consent to an alleged unconstitutional Plea Agreement.

Petitioner further contends that his defense counsel was ineffective for failing to raise mitigation issues at sentencing. This claim is meritless. As set forth above, Petitioner's mitigation claims do not warrant a downward adjustment. Thus, even if Petitioner's defense counsel had failed to raise mitigating factors,

Petitioner's sentence would not have been adjusted.  This Court therefore DENIES

Petitioner's ineffective assistance of counsel claim.

CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's Request

for Certificate of Appealability.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 11, 2007.



_____
David Alan Ezra
United States District Judge

United States vs. Martin, Civil No. 06-00629 DAE LEK; Criminal No. 04-00322
DAE; Civil No. 06-00632 DAE LEK; Criminal No. 05-00049 DAE; ORDER
DENYING PETITIONER'S REQUEST FOR CERTIFICATE OF
APPEALABILITY