ABRAHAM MARTIN
87158-022
Federal Prison Camp
3705 West Farm Road
Lompoc, CA 93436

IN PRO SE APPELLANT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 24 2008

at 11 o'clock and 40 min. 7 M.
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CV. NO. 06-00629 DAE-LEK |
| | ) CR. NO. 04-00322 DAE |
| Plaintiff-Appellee, | ) CV. NO. 06-00632 DAE-LEK |
| | ) CR. NO. 05-00049 DAE |
| vs. | ) **NINTH CIRCUIT NO. 07-16756** |
| | ) |
| ABRAHAM NGUYEN MARTIN, | ) SUPPLEMENT TO SECOND MOTION TO |
| | ) AMEND/CORRECT/VACATE |
| Defendant-Appellant. | ) RESTITUTION ORDERS; EXHIBIT "A"; |
| | ) CERTIFICATE OF SERVICE |
| | ) |

SUPPLEMENT TO SECOND MOTION TO AMEND/CORRECT/VACATE
RESTITUTION ORDERS

**COMES NOW**, ABRAHAM NGUYEN MARTIN ("Martin"), Defendant-Appellant in propria persona in the above action, and hereby respectfully submits to this Honorable Court his Supplement to the Second Motion to Amend/Modify/Correct/Vacate the Restitution Orders in his two Judgments in a Criminal Case.

This supplement is based on Rule 15 of the Federal Civil Judicial Procedure and Rules, criminal and civil proceedings of the instant case, as well as related statutes.

## A. BACKGROUND

On December 21, 2007, Appellant Martin sent in a Motion for Clarification and Correction of Restitution Order, which was construed by the District Court as part of his Motion for COA and the Court ruled on both as a single petition. On January 25, 2008 Martin sent in his Second Motion for Clarification and Correction of Restitution, clearly explaining the errors in both restitution orders of the Superseding Indictment (Cr.No. 04-00322-01DAE) and the Information (Cr.No. 05-00049-01DAE)

## B. POINTS AND AUTHORITIES

The restitution order for the first sentence (Superseding Indictment, Cr.No. 04-00322-01DAE) has been shown to be erroneous. Nothwithstanding the error, the amount of restitution far exceeds the harm done. For the amount of $16,455.62 ($9,400.00 Chase Manhattan Bank and $7,05563 Sears National Bank) which Martin paid towards the Subaru car loan, the government not only seized the Subaru (which Martin had paid around $10,000) but also the Mercedes (which Martin had paid around $35,000). The government therefore seized more than the actual loss ($16,455.62) caused by Martin's offense. In **United States v. Ladum**, 141 F.3d 1328 (9th Cir. 1998), the Ninth Circuit held that "Criminal forfeitures, as a form of monetary punishment, are subject to the Eightth Amendment's limitations under the Excessive Fines Clause. **Alexander v. United States**, 509 U.S. 544, 559, 125 L.Ed.2d 441, 113 S.Ct. 2766.

The restitution order for the second sentence (Information, Cr.No. 05-00049-01DAE), likewise, has also been shown to be improper. During the **two days** that the government agents occupied Martin's

- 2 -

residence, it performed  a so-called legalized pillage, seizing
whatever it wished, chasing everybody out. It confiscated most of
the original tapes stored in the living room, valued at approximately
$15,000.00. The confiscated equipment and miscellaneous accessories
were valued at $25,000 or thereabout. Martin therefore suffered a
loss of $40,000.00 due to the illegal search and seizure. Martin also
suffered closure of the store, after some $3,000 net operating loss
monthly, as a result of this illegal act. The total loss that Martin
suffered amounted to $152,000.00. See Exhibit "A" herewith appended.
See Ibid., **United States v. Ladum** and **Alexander v. United States.**

Credits and offsets should have been considered by the
District Court before ordering restitution as discussed above. See
**United States v. Clack** (1992, CA9 Cal), 957 F.2d 659, 92 CDOS 1371,
92 Daily Journal DAR 2252.

Moreover, the restitution order of Cr. No. 05-00049-01DAE
or the Information should have been dismissed for the following
reasons:

1. It was based on the illegal search and seizure and perjured
statements of the government  agents, as already proven; and

2. It was based on Cosnructive Amendment to Indictment by prose-
cutorial misconduct as already proven; and

3. It was based on an illegal Plea Agreement, which was **coerced,**
and a  **Defective Superseding Indictment,** depriving both the Govern-
ment and Court of **Jurisdiction** as to the Information.

First, pleading guilty does not waive a defendant's right
to indictment by a grand jury. **United States v. Meacham,** 626 F.2d
503, 509-10 (5th Cir. 1980). Second, "where an indictment fails to
allege each material element of the offense, it fails to charge

- 3 -

that offense. See **United States v. Cabrera-Teran**, 168 F.3d at 143 (5th Cir. 1999). "[A] failure of the indictment to charge an offense may be treated as [a] jurisdictional defect .... and an appellate court must notice such a flaw even if the issue was raised neither in the district court nor an appeal." **United States v. Foley**, 73 F.3d 484, 488 (2nd Cir. 1996) (quoting **United States v. Doyle**, 348 F.2d 715, 718 (2nd Cir. 1965). See also Fed.R.Crim.P. 12(b)(2). **"If the district court acts beyond its jurisdiction by trying, accepting a guilty plea from, convicting, or sentencing a defendant for an offense not charged in the indictment, Court of Appeals must notice such error and act accordingly to correct it, regardless of whether the defendant has raised the issue**. See **United States v. Tran**, 234 F.3d at 799-780. See also **United States v. Jones**, 172 F.3d 1115 (9th Cir. 1999); **United States v. Chandler**, 125 F.3d 892, 898 (5th Cir. 1997). It is interesting to note Judge David Alan Ezra's enhancement of 2 levels for leadership role also falls into this jurisdictional defect, well supported by **Booker/Blakely/Ameline** U.S. Supreme Court cases.

CONCLUSION

Based on the above reasons, Appellant Martin respectfully moves this Honorable Court to amend/correct/modify/vacate the restitution orders accordingly, for the interest of justice and fairness in the court system.

DATED: Lompoc, California this March 18, 2008

Respectfully submitted,

_____
Abraham Martin
Pro Se Defendant-Appellant

- 4 -