<u>THE PROSECUTOR'S COERCION UPON BOTH DEFENDANTS</u>

<u>CRIMINAL CASES 04-00322 & 05-00049DAE</u>

On July 2, 2007 William Shipley, Assistant United States Attorney, filed a Government's Supplement to the Record in Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct sentence, with Exhibit "E" (Affidavit of Mr. Michael Weight), which is the identifier ascribed to this document in the Government's Response to the Defendant's Motion.

In the Declaration of Michael A. Weight, on page 3, paragraph 5, the sixth sentence, Mr. Weight declares that:

> "I also told him that AUSA Shipley had advised me that if Mr. Martin took the case to trial, the government would not enter into any plea agreement with Mr. Martin's wife and she would have to go to trial too."

(<u>page 6</u>) This is an implication of an intimidation, coercion and/or threat on the part of the prosecutor, and is definitely against the Law and Rule 11 of the Federal Rules of Criminal Procedure. To be valid, guilty plea must be knowingly, intelligently and voluntarily entered; defendant must be shown to understand nature of charges and **consequences of plea. Grabowski v. Jackson County Public Defenders Office**, 47 F.3d 1386 (5th Cir. 1995). See also **Santobello v. New York**, 404 U.S. 257, 30 L.Ed.2d 427, 92 S.Ct. 495 (1971). In **United States v. Couto**, 311 F.3d 179 (2nd Cir. 2002), the court held that ineffective counsel may render a guilty plea involuntary, and hence invalid, which case law reflects the .....

(<u>continued on page 7</u> of Petitioner Abraham Martin's Supplementary Reply/Traverse to the Government's Response and its Supplement dated 07/02/2007, to Petitioner's Motion 2255.)

(bottom half of page   - 6 -                              )

EXHIBIT "C"